No. 9564.

ROOKER v. ROOKER ET AL.

DEPOSITION.—*Evidence.*—*Hearsay.*—*Practice.*—A witness, testifying by depo-
sition upon the vital point in question, whether a deed, absolute in form,
was in fact a mortgage, testified in chief that the deed was signed on
condition that the grantee would reconvey upon being repaid what he
had been compelled to pay for the grantors, and on cross-examination
stated that his only knowledge upon the subject was derived solely from
the statements of the grantors before and after the deed was made. A
motion to suppress was overruled, and exception taken, and no further
objection was made to reading the deposition.

*Held,* that this was error, and that it was not rendered harmless by the
circumstance that legitimate evidence to prove the same point was put in.

From the Madison Circuit Court.

*D. Moss, A. F. Shirts, R. R. Stephenson, G. Shirts* and *W.
R. Fertig,* for appellant.

*T. J. Kane* and *T. P. Davis,* for appellees.

ELLIOTT, J.—The principal question submitted to the jury
in the court below, upon the pleadings and evidence of the re-
spective parties, was as to the character of an instrument ex-
ecuted to the appellant by the appellees Oliver P. and America
Rooker. The former was the defendant below, and contended
there, as here, that it was an absolute deed ; while the latter in-
sisted that, although in form absolute, it was in fact a mortgage.

The appellant moved to suppress parts of the deposition of
Milford H. Vest, a witness for the appellees. This motion
was overruled, and exception reserved. It is said by counsel
for appellees, that the question is not properly presented, for
the reason that the appellant did not object to the reading of
the deposition on the trial ; and we are referred to the cases of
*Owen* v. *Phillips,* 73 Ind. 284, and *Indianapolis, etc., R. W. Co.*
v. *Anthony,* 43 Ind. 183, but we are unable to find anything in
them sustaining counsel's position. Where a party moves to
suppress parts of a deposition before trial, and his motion is
overruled, and exception is then reserved, it is not necessary
to renew the objection when his adversary offers the deposi-

tion upon the trial. If it should appear on the trial that there was evidence making the testimony contained in the deposition relevant and competent, then there would, of course, be no error in overruling the motion to suppress, although at the time it was made, and upon the face of the deposition itself, the testimony objected to appeared to be incompetent. Having made his objections before the trial, and having then saved his exceptions, the appellant is entitled to their benefit, unless we can see from the whole evidence adduced upon the trial, that no harm was done him. The witness Vest was asked on the examination in chief: " On what conditions did America Rooker consent to sign the deed?" and answered: " On the condition that he would deed it back to her in the future, and no other way; when the plaintiffs paid what the defendant was compelled to pay for them." On cross-examination the witness was asked: " You do not know of your own knowledge that America signed the deed under an agreement at the time that it was to be conveyed back?" and he answered: " My understanding is, that at the time she signed the deed, it was to be conveyed back to her, and that she would not do it under any other circumstances; I was not there when she signed the deed; I only know it from what she stated before and since; I did not hear the conversation when she signed the deed." It appears on the face of the deposition, that the witness was repeating the declarations of a party made in the absence of her adversary. This testimony was mere hearsay, and that, too, if it be proper to say that one form of hearsay evidence is worse than another, of the worst character. We think the ruling upon the motion to suppress was erroneous.

Appellees contend that if the testimony was incompetent, there was still no material or available error in admitting it, because the same fact was proved by the testimony of other witnesses. We can not assent to this proposition. It may, perhaps, be true that where the conflict in the evidence is very slight, or where there is no conflict at all, or where the mat-

ter testified to is a collateral or immaterial one, the ruling admitting the testimony may be regarded as harmless; but this can not be so where the point to which the testimony is directed is one of importance, or where the evidence in the case is conflicting. The testimony objected to by appellant was upon a material point, indeed, the vital one, and there is a full and sharp conflict in the evidence. We can not say that the erroneous ruling did the appellant no harm.

Other questions are discussed, but we deem it unnecessary to consider them, as the case must be again tried.

Judgment reversed, with instructions to sustain the appellant's motion for a new trial.