INDIANA STEEL PRODUCTS COMPANY *v.* LEONARD, ADMINISTRATRIX OF THE ESTATE OF ROBERT C. LEONARD, DECEASED.

[No. 18,499. Filed February 18, 1954. Rehearing denied March 31, 1954. Transfer denied June 18, 1954.]

*Oscar C. Strom* and *Charles K. Whitted,* of Gary, for appellant.

*Ryan, Chester & Clifford,* of Valparaiso, for appellee.

ROYSE, J.—This is an appeal from an award granting compensation to the minor children of Robert C. Leonard, deceased.

In view of the conclusion we have reached, it is only necessary to consider the question of the admissibility of certain evidence.

The record discloses the hearing of this case was set for May 19, 1953 at 1 P. M. in the City of Valparaiso, Indiana. On May 8th appellee filed her petition to take the conditional examination of appellant's sales manager. Omitting formal parts, this petition is as follows:

"That this claim is set for hearing in the City of Valparaiso, Indiana, before the Industrial Board on May 19, 1953, at 1:00 o'clock P. M.

"That it is necessary for the plaintiff to take the Conditional Examination of one of the officials of the defendant prior to the trial date.

"That the claimant desires to take the examination of Mr. Ivan Dickey, the Sales Manager of the defendant company.

"That the said Ivan Dickey will not be available on the trial date and will be out of The State of Indiana and that the plaintiff desires to be advised prior to trial concerning the matters of defense which may be introduced at the time of the hearing and other matters pertinent to the litigation.

"That the attorney representing the defendant has indicated in writing that he will not voluntarily consent to the taking of such examination.

"Wherefore, the plaintiff herein respectfully requests the Industrial Board to issue an order authorizing and directing the claimant to take the examination of Mr. Ivan Dickey at the Law Offices of Ryan, Chester and Clifford, Farmers State Bank Building, Valparaiso, Indiana at the hour of 11:00 o'clock A. M. on Saturday Morning, May 16, 1953 and that copies of said order be forwarded to and served upon all attorneys of record in this proceeding."

On May 12, 1953 a member of the Industrial Board made the following order:

"The Industrial Board of Indiana having examined the said plaintiff's petition to take conditional examination of Mr. Ivan Dickey and being duly advised in the premises herein, now finds that said plaintiff's petition to take conditional examination should be granted.

### ORDER.

"It Is Therefore Considered and Ordered By the Industrial Board of Indiana that the plaintiff is hereby authorized and directed to take the examination of Mr. Ivan Dickey at the law offices of Ryan, Chester & Clifford, Farmers State Bank Building, Valparaiso, Indiana, at the hour of 11:00 o'clock A.M. on Saturday, May 16, 1953.

"It is Further Ordered that copies of said Order be forwarded to and served upon all attorneys of record in this proceeding.

"Dated this 12 day of May, 1953."

Thereafter, on May 19, 1953, the date this cause was called for hearing, appellant filed its verified objection to the use of said conditional examination. The pertinent portions of said objection are as follows:

"That yesterday, being Monday, May 18th, 1953, this affiant reached Attorney Edwin Ryan at his residence by telephone and was then informed for the first time that at 11:00 A.M., Saturday, May 16, 1953, a conditional examination had been taken by the plaintiff of one Ivan Dickey, whom plaintiff's attorney advised was the sales manager of the defendant. Plaintiff's counsel informed that he had made arrangements directly with Ivan Dickey to take his conditional examination in the office of plaintiff's attorney at 11:00 A. M., Saturday, May 16, 1953; that said plaintiff's counsel had at no time dealt with this affiant as attorney for the defendant to make arrangements for such examination through the attorney for the defendant of an alleged employee of said defendant.

"On or about April 8, 1953, this affiant had received a copy of a letter dated April 7, 1953, from plaintiff's counsel to the Industrial Board asking the Board to enter an order to take the conditional examination of Mr. Ivan Dickey on May 16, 1953 for the reason that said witness would be absent from this State for three weeks beginning the evening of that day and advising the Industrial Board that said Ivan Dickey was necessary as a witness in the case. Said letter did not state that the deposition of said witness was desired to be taken, presumably for discovery purposes. There is no request in that letter nor was any petition filed nor was any notice served for the taking of the deposition of Ivan Dickey as a witness for the plaintiff.

"Affiant says further that at no time has any notice been served upon him as counsel for the defendant nor upon the defendant to take the deposition of Ivan Dickey nor has any such notice been served for the taking of his conditional examination.

"No petition has been filed with the Industrial Board to the knowledge of this affiant as attorney for the defendant by the plaintiff asking for an order to take the deposition or conditional examination of the plaintiff.

"If the statute provided for the taking of depositions and conditional examinations in civil causes is applicable to causes pending before the Indus-

trial Board, the plaintiff has not complied with the same by serving a notice for the taking of a deposition or a conditional examination nor the filing of a petition under which the defendant may be heard as to the right of the plaintiff to take any such deposition or conditional examination under the circumstances in this particular case.

"On Saturday afternoon, May 16, 1953, a copy of the Order of the Industrial Board came to the attention of this affiant. He having been engaged in a trial to a jury in Kentland, Indiana, during the week, it is unknown what date the same came to his office but it is believed that said copy of the court order came in the Saturday mail. The defendant did not have sufficient notice to make preparation to attend nor object to the taking of the conditional examination of the said witness heretofore and does now object to the use of said conditional examination or deposition in evidence or for any purpose in this case."

At the trial this examination was offered as a deposition, and appellant made the following objection to its admission:

"1.  No notice has been served upon the defendant for the taking of said Deposition.

"2.  No order of the Industrial Board has been entered to take said Deposition.

"3.  Said Deposition was taken without the knowledge of the defendant or its attorney.

"4.  The taking of the Deposition of Ivan A. Dickey was arranged for by Edward Ryan, plaintiff's local counsel, in a personal conversation with him without the knowledge of the counsel for the defendant.

"5.  Said Deposition shows on its face by the answers to questions that the deponent, Ivan A. Dickey, was advertising and sales promotion manager for the defendant in November of 1950 and that at the time of the taking of the Deposition on May 16, 1953, at 11:30 o'clock a.m., said deponent was sales manager of the defendant corporation. Neither of said positions constitute the deponent as an officer of the defendant corporation so as to

warrant the taking of his Conditional Examination as ordered by the Industrial Board without a hearing by its order of May 12, 1953.

"6. If the said purported Deposition is in fact a Deposition and not a Conditional Examination, then the same was not taken pursuant to notice nor order of the Industrial Board.

"7. The defendant objects to each and every question put to Ivan A. Dickey in said Deposition for the foregoing reasons."

The objection then contained specific objections to certain questions and answers in the examination which we need not consider here.

Section 2-1728, Burns' 1946 Replacement provides as follows:

"A party to a civil action, if a natural person or, if a corporation, any officer or officers thereof, may be examined as a witness concerning any matters stated in the pleadings, at the instance of the adverse party, or. any one of several adverse parties, and for that purpose may be compelled, in the same manner, and subject to the same rules of examination as any other witness, to testify either at the trial, or conditionally; or upon commission: Provided, That if the party to the action be a corporation, before any officer or officers thereof may be compelled to testify conditionally, the adverse party who may desire to examine such officer, or officers, shall file in the court in which the action may be pending, his affidavit, or that of his agent or attorney, whereby it shall be made to appear that the party expects to elicit evidence that is material, and who the officer or officers may be who have, or are believed to have, knowledge of material facts. If, from such affidavit, the court shall be of the opinion that the officer or officers have, or may have, knowledge of facts material to the issue formed, or that may be formed, in the action, it shall order the officer, or officers, to appear at a proper time and place and submit to be examined upon matters stated in the pleadings."

Section 2-1729, Burns' 1946 Replacement, provides for at least five days notice to the adverse party unless for good cause shown the court orders otherwise.

Section 2-1730, Burns' 1946 Replacement provides the examination shall be filed as a deposition and may be read by the party taking it *at his option.*

Appellant contends that because the Workmen's Compensation Act does not provide for the taking of conditional examinations and the rules of the Industrial Board do not provide therefor, such an examination cannot be taken in cases of this kind. We cannot agree. We see no reason why a party in these cases may not have the benefit of a conditional examination if taken in conformity with the law authorizing them in civil actions. However, it is apparent that this law was not followed in this case.

Appellant is a corporation. No affidavit was filed showing Dickey was an officer of the corporation. There was no five days notice and no good cause shown why such notice should be for a shorter time. Therefore, if this was a conditional examination it should have been rejected by the Industrial Board for the reasons stated in appellant's objections.

Appellee contends the testimony of Dickey was nothing more than a deposition and was so considered by the hearing member. In support of this she points out that the record shows when appellant's objection was overruled the hearing member ordered "Plaintiff's Deposition of Ivan Dickey published . . . and read in evidence." She further contends that under Rule 3 of the Industrial Board the Board is not bound by the usual common law or statutory rules of pleading and evidence, or by any technical rules of practice in conducting hearings.

The next question before us is: Was this evidence admissible as a deposition?

Rule 14 of the Industrial Board provides as follows:

"In all hearings proof may be made by oral testimony, or by depositions, when the convenience of the witnesses or the parties so requires. Such depositions shall be taken in the manner and upon the notice required by statute for taking depositions in civil cases."

Section 2-1502, Burns' 1946 Replacement provides that a party wishing to take a deposition shall give notice to the adverse party and provides what such notice shall specify. §2-1503, Burns' 1946 Replacement provides the adverse party shall be allowed a reasonable time to travel from his usual place of abode to the place of taking the deposition. If notice is served on the attorney or agent a reasonable time shall be allowed him to communicate the same to the party. §2-1504, Burns' 1946 Replacement, provides the notice may be served in the same manner and by any person authorized to serve a summons for a witness. §2-1522, Burns' 1946 Replacement, provides all objections to the validity of any deposition or its admissibility in evidence shall be made before entering on the trial—not afterward.

During the trial the examination of Dickey was offered by appellee's counsel in the form of an exhibit to be published and read in evidence. Over pertinent objection of appellant it was admitted in evidence.

In this case it was incumbent on appellee to show the deposition was taken pursuant to law. In our opinion she has wholly failed to sustain this burden. The order of the Board authorizing the examination specifically provided that copies of the order *be served* upon attorneys of record. There is nothing

in the record to indicate it was served as required by the statute. It is further shown by what appellant terms a verified objection to the use of conditional examination or deposition (which in our opinion was in effect a motion to suppress), that appellant's attorney did not receive any notice of the taking of such deposition until after it had been taken. This motion was filed before the trial. This evidence erroneously admitted is the only evidence which would even, in a slight degree, support the award of the Board. In this connection it might be well to say that a majority of this court are of the opinion that if the deposition had been properly admitted it would not have been sufficient to sustain the award.

The award of the Full Industrial Board is reversed, with instructions that appellee be given the opportunity to present further evidence in support of her application if she so desires.

## On Petition for Rehearing

ROYSE, J.—Appellee contends we have contravened ruling precedents of the Supreme Court and this Court by considering objections to the admission of evidence made by appellant to the hearing member and not renewed before the Full Industrial Board. There would be merit to this contention if we had based our decision on the objections made to this evidence at the hearing of this cause. However, our opinion was based on the error in overruling the motion to suppress the evidence obtained by the deposition. Where a motion to suppress is overruled before trial it is not necessary to renew the motion when the deposition is offered at the trial. *Rooker* v. *Rooker et al.* (1882), 83 Ind. 226. The deposition, motion and ruling are a part of the record without a bill of exceptions.

Sec. 2-3104, Burns' 1946 Replacement; Flanagan, Wiltrout & Hamilton, §1035, Comment 5, p. 19. As indicated in our original opinion, the rule of the Industrial Board provides the taking of depositions in matters coming before the Board shall be taken in the manner provided in civil cases.

Petition for rehearing denied.

NOTE.—Reported in 117 N. E. 2d 372.
Rehearing denied 118 N. E. 2d 374.