STATE OF INDIANA *v.* EGBERT HAROLD FRYE.

[No. 1-474A69. Filed August 14, 1974.]

*Theodore L. Sendak,* Attorney General, *James Bopp, Jr.,* Deputy Attorney General, for appellant.

*Hugh V. Banta,* of Rockville, for appellee.

LOWDERMILK, J.—This appeal comes to us in an action where no evidence was adduced at the hearing before an administrative agency. We have only facts before us as shown by the pleadings.

Petitioner-appellee Frye was a chaplain at the Rockville Training Center in Parke County. Frye instituted the complaint proceedings under IC 1971, 4-15-2-35, Ind. Ann. Stat. § 60-1336 (Burns 1973 Supp.) and a grievance appeal was

filed before the State Employees' Appeals Commission on December 10, 1973.

In connection with the appeal before the State agency, Frye's attorney sent a letter to the Rockville Training Center (Center), requesting certain information. The Center responded by its refusal to provide the information requested on the grounds that the same was not material to the complaint. No complaint or objection was made to the informal pleading which was in the form of a letter and which had been designated as "interrogatories" and is now considered as such by the parties and will be so considered by this court.

The State agency refused to order the proper officials of the Center, a part of the Department of Corrections, to voluntarily furnish Frye, employee-appellee, with the answers to the interrogatories. The agency further held no hearing in regard to the objections to the discovery and discovery was refused by the Commission on the basis of materiality.

Following the above proceedings and after Frye had been informed through his attorney that the Center would not cooperate Frye did, on December 26, 1973, select his forum, the Parke Circuit Court, under Ind. Rules of Procedure, Trial Rule 37(A)(2), and requested names of certain people, inmates and employees of the Rockville Training Center.

On January 23, 1974, in the Parke Circuit Court the Center filed its motion to dismiss on which a hearing was had on January 25, 1974; the motion to dismiss was overruled and a judgment entered decreeing the respondent shall furnish to the petitioner the discovery sought.

Thereafter, the Center timely filed its motion to correct errors, which was by the court overruled.

The motion to correct errors had one specification which presents for review the following issue: Did the trial court err in issuing an enforcement order for discovery in a cause before an administrative agency prior to a determination by the administrative agency of the propriety of objections made to the discovery?

The trial court issued its discovery order under authority of Ind. Rules of Procedure, Trial Rule 28(F), which reads as follows:

"Discovery proceedings before administrative agencies. Whenever a hearing before an administrative agency is required, parties shall be entitled to all the discovery provisions of Rules 26 through 37. Protective and enforcement orders shall be issued by a court of the county where discovery is being made or where the hearing is to be held. Leave of court shall not be required as provided in Rule 30, and the agency shall make the determinations provided in Rule 36(B)."

The parties hereto agree that TR. 28(F) does not explicitly state who in the first instance is to make the determination required under TR. 26(B)(1) as to whether or not objected to discovery is "relevant to the subject matter involved in the pending action." Appellant urges that the State Employees' Appeals Commission is empowered to make such determinations, if needed; that IC 1971, 4-15-1.5-6, Ind. Ann. Stat. § 60-1398(e)(a) (Burns 1973 Supp.) required the State Employees' Appeals Commission to conduct its hearing in accordance with the Administrative Adjudication Law. This law, it is urged, gives the agency the power to issue subpoenas, rule upon offers of proof and receive relevant oral or documentary evidence, take or cause depositions to be taken, regulate the course of the hearing and conduct of the parties, . . . (and) dispose of procedural motions and similar matters. IC 1971, 4-22-1-7, Ind. Ann. Stat. § 63-3007 (Burns 1961 Repl.)

It is our opinion that the statutes above referred to, more specifically § 63-3007, is broad enough in its authorization of power to take or cause depositions to be taken, to include the power to cause the answering of proper interrogatories submitted by a party and, therefore, under said statutes, the State Employees' Appeals Commission is authorized to pass upon and dispose of objections to discovery in those instances where objections are made to interrogatories properly submitted.

The State Employees' Appeals Commission is not governed by the rules of "procedure and practice in all courts of the state of Indiana . . ." There is nothing in the Rules purporting to extend them to administrative bodies from whom appeals to courts may be had.

In *Clary* v. *National Friction Products, Inc.* (1972), 259 Ind. 581, 290 N.E.2d 53, 55, Justice Prentice said:

". . . The rules of trial procedure, which, as stated in Trial Rule 1, govern the procedure and practice in all courts of the state of Indiana are not applicable to proceedings before the administrative agencies nor to the proceedings requisite to invoking the jurisdiction of reviewing judicial authority."

However, the law as established in *Clary* is not controlling in the case at bar, as, pursuant to and under the authority of the above cited statutes from the Public Employees Retirement Act, the State Employees' Appeals Commission has the requisite authority to "take or cause depositions to be taken", which authority, in our opinion, is necessarily all inclusive of the power to order the answering of interrogatories as being a part of the authority to take or cause depositions to be taken.

We have some authority in Indiana on the issue involved here, in the case of *Indiana Steel Products Co.* v. *Leonard, Admx.* (1954), 124 Ind. App. 592, 599, 177 N.E.2d 372. In this, a compensation case, this court held that because the Workmen's Compensation Act did not provide for and the rules of the Industrial Board did not provide for the taking of conditional examinations, that the court could see no reason why a party in these cases may not have the benefit of a conditional examination if taken in conformity with the law authorizing them in civil actions.

Appellant posits that the Commission was not asked to make such a determination and did not do so prior to the time appellee Frye requested the enforcement order from the Parke Circuit Court, thereby omitting a crucial step in the procedure.

Appellant would have us follow the Federal practice for guidance in this matter, as it contends there are no Indiana cases which clarify this procedure.

Frye counters by urging that although the procedure to be followed in obtaining evidence in an administrative hearing is pathetically unclear, that TR. 37 should control in administrative actions as well as in strictly judicial actions.

We have an exception to this general rule of the non-application of the trial rules to administrative agencies in TR. 28(F), *supra,* as the same pertains to discovery proceedings and reads, in part, as follows:

"Whenever a hearing before an administrative agency is required, the parties shall be entitled to all the discovery provisions of Rules 26 through 37."

Appellee is correct in his contention and is, therefore, entitled to any help he can get from Trial Rules 26 through 37 on the matter of discovery.

Appellant cites as cogent authority on appellee's failure to request the Commission for a determination and order for the Center to answer the interrogatories requested the case of *National Lawyers Guild* v. *Brownell, Jr., Attorney General* (1955), 225 F.2d 552.

In this case one of the questions on the appeal was whether the District Court erred in ruling that the Guild must exhaust the remedy provided by the Attorney General's Rules of Procedure. The Guild said it was not required to do so and assigned a number of reasons. These reasons were that the Attorney General had pre-judged the matter, no statute authorized the procedure, there is no constitutional basis for the executive action, irreparable injury would ensue from pursuing the remedy, and a violation of the requirements of due process.

The appellant Guild further urged that it was not required to exhaust administrative remedies set up by the regulations since it had not been validly authorized. The court, in speaking further, said:

". . . However, if we substitute for that premise the proposition established by the majority of the Court (i.e., that a right had been invaded), it would seem clear that these three Justices would have concluded that procedural due process was necessary. Such a conclusion, as we have just said, carries with it the rule that *administrative remedies must be exhausted.* . . ." (Emphasis added.)

Although the question of constitutional invalidity was not raised in the case at bar, we deem the court's statement on the same in *National Lawyers Guild, supra,* worthy of comment here, wherein the court said:

"That a claim of constitutional invalidity does not negative the requirement for exhaustion of remedies is made amply clear by the summary reversal by the Supreme Court in *Franklin* v. *Jonco Aircraft Corp.* for the stated reason that the appellee had failed to exhaust its administrative remedy. . . ."

The court further stated:

". . . We cannot guess in advance the details of a proceeding to be held, when the rules of procedure permit a valid proceeding."

The administrative bodies of Indiana do not have contempt power. It is under TR. 28 (F), *supra,* that the Parke Circuit Court had the power and authority to issue, in the case at bar, enforcement orders to require the Center to answer appellee's interrogatories, as that was the county in which the discovery was being made. Although the trial court had that power, it is our opinion that its action was premature and erroneous, in that the Commission had not been requested by appellee to order Center to submit answers to appellee's interrogatories and the same was prerequisite to appellee requesting the aid of the trial court.

It is our further opinion that the trial court could not properly pass upon the interrogatories in a case such as this until such time the Commission had ruled that the interrogatories be answered and the same had not been answered within the time ordered by the Commission. After such failure, if any, to answer we can see no

reason why the party filing the interrogatories should not then go to the trial court for relief, as provided in TR. 28(F). It is incumbent on Frye to exhaust all of his administrative remedies prior to the seeking of the aid of the trial court. *National Lawyers Guild* v. *Brownell, supra.*

Harvey's Indiana Practice, Vol. 2, TR. 28(F). Under Civil Code Study Commission Comments:

". . . This rule makes it absolutely clear that a party in an administrative hearing is entitled to no less discovery protection than he is in any case in court. . . ."

Administrative Law, Cases and Comments by Walter Gellhorn and Clark Byse, 5th ed., p. 231-Timing of Judicial Review, citing *Abbott Laboratories* v. *Gardner* (1967), 387 U.S. 136.

Administrative Law text, Kenneth Culp Davis, 3d ed., Exhaustion of Administrative Remedies, p. 390, § 20.06. May the reviewing court consider issues not raised before agency, *et seq.*

For the above and foregoing reasons the judgment and order of the trial court is reversed and the cause remanded with instructions to the trial court to vacate its order of discovery.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 315 N.E.2d 399.