**JOSAM MANUFACTURING COMPANY,**
**Appellant (Defendant Below),**

v.

**Robert ROSS, Appellee (Plaintiff Below).**

**No. 3–781A168.**

Court of Appeals of Indiana,
Third District.

Nov. 25, 1981.

Rehearing Denied Jan. 7, 1982.

,James E. Schreiner, Tinkham, Schreiner & Bloom, P. C., Hammond, for appellant.

Timothy J. Walsh, Edward N. Kalamaros & Associates, P. C., South Bend, for appellee.

HOFFMAN, Presiding Judge.

On December 15, 1977 Robert Ross filed a claim for compensation against Josam Manufacturing Company (Josam) with the Industrial Board of Indiana in which he alleged workmen's occupational disease. On December 26, 1979 Ross filed written interrogatories to Josam, and Josam filed its motion to strike on January 3, 1980. On January 14, 1980 Ross filed a response to Josam's motion and filed a motion to compel answers to the interrogatories. The Industrial Board entered an order denying Josam's motion to strike and ordered Josam to answer the interrogatories. However, Josam refused to comply with the order.

Therefore, on August 6, 1980 Ross filed a complaint in the LaPorte Circuit Court to enforce the order of the Industrial Board which ordered Josam to answer the interrogatories. Josam filed an answer to the complaint, and on October 7, 1980 Ross filed a motion for summary judgment. On December 30, 1980 counsel for Ross filed his affidavit for attorney fees. The trial court entered summary judgment for Ross ordering Josam to comply with the Industrial Board order and awarded attorney fees of $290.

Ross has been paid no benefits in as much as the matter is still pending before the Industrial Board until the issues raised on appeal have been determined. Those issues are:

(1) whether the Indiana Trial Rules pertaining to discovery apply to the Industrial Board of Indiana in cases pending before it; and

(2) whether the trial court, in a proceeding to enforce an Industrial Board order, can award attorney fees.

Trial Rule 28(F) of the Indiana Rules of Procedure, as amended effective January 31, 1976, clearly states:

"Discovery proceedings before administrative agencies. Whenever an adjudicatory hearing, including any hearing in any proceeding subject to judicial review, is held by or before an administrative agency, any party to that adjudicatory hearing shall be entitled to use the discovery provisions of Rules 26 through 37 of the Indiana Rules of Trial Procedure. Such discovery may include any relevant matter in the custody and control of the administrative agency.

Protective and other orders shall be obtained first from the administrative agency, and if enforcement of such orders or right of discovery is necessary, it may be obtained in a court of general jurisdiction in the county where discovery is being made or sought, or where the hearing is being held."

It is generally true that the Indiana Trial Rules do not govern or bind the Industrial Board of Indiana. *Davis v. Webster* (1964), 136 Ind.App. 286, 198 N.E.2d 883. *See also*, Trial Rule 1. However, Trial Rules 26 through 37 seem to be an exception to this rule.

This exception was pointed out earlier by this Court in *State v. Frye* (1974), 161 Ind. App. 247, 315 N.E.2d 399. *Frye* was a case involving a state employee who instituted an action before the State Employees' Appeals Commission. He attempted through the Parke Circuit Court to force the giving of answers to his interrogatories. Because he had not first sought enforcement from the administrative agency, this Court held that the trial court's action was premature and erroneous. In reaching this decision, the Court said:

"Frye counters by urging that although the procedure to be followed in obtaining evidence in an administrative hearing is pathetically unclear, that TR. 37 should control in administrative actions as well as in strictly judicial actions.

"We have an exception to this general rule of the non-application of the trial rules to administrative agencies in TR. 28(F), *supra*, as the same pertains to discovery proceedings[.] . . .

"Appellee is correct in his contention and is, therefore, entitled to any help he can get from Trial Rules 26 through 37 on the matter of discovery.

\* \* \* \* \* \*

"The administrative bodies of Indiana do not have contempt power. It is under TR. 28(F), *supra*, that the Parke Circuit Court had the power and authority to issue, in the case at bar, enforcement orders to require the Center to answer appellee's interrogatories, as that was the county in which the discovery was being made. Although the trial court had that power, it is our opinion that its action was premature and erroneous, in that the Commission had not been requested by appellee to order Center to submit answers to appellee's interrogatories and the same was prerequisite to appellee requesting the aid of the trial court.

"It is our further opinion that the trial court could not properly pass upon the interrogatories in a case such as this until such time the Commission had ruled that the interrogatories be answered and the same had not been answered within the time ordered by the Commission. After such failure, if any, to answer we can see no reason why the party filing the interrogatories should not then go to the trial court for relief, as provided in TR. 28(F)."
315 N.E.2d at 402–403.

In the case at hand, Ross had exhausted his administrative remedies prior to seeking aid from the trial court.

Josam contends that *Frye* does not apply to its case. Josam argues that the court came to its decision in *Frye* because the State Employees' Appeals Commission was bound by the Administrative Adjudication Act (AAA) and thus the exception set forth in TR. 28(F) applies only to agencies bound by the AAA. Since the Industrial Board is specifically exempted from coverage under the AAA, *Frye* does not apply to the Industrial Board.

Josam's argument is not persuasive. In discussing the powers given to agencies under the AAA, the Court in *Frye* said:

"This law, it is urged, gives the agency the power to issue subpoenas, rule upon offers of proof and receive relevant oral or documentary evidence, take or cause depositions to be taken, regulate the course of the hearing and conduct of the parties, ... (and) dispose, of procedural motions and similar matters. IC 1971, 4–22–1–7, Ind.Ann.Stat. §§ 63–3007 (Burns' 1961 Repl.).

"It is our opinion that the statutes above referred to, more specifically § 63–3007, *is broad enough in its authorization of power to take or cause depositions to be taken, to include the power to cause the answering of proper interrogatories* submitted by a party and, therefore, under said statutes, the State Employees' Appeals Commission is authorized to pass upon and dispose of objections to discovery in those instances where objections are made to interrogatories properly submitted." (Emphasis added.).
315 N.E.2d at 401.

The Rules of Procedure before the Industrial Board are very similar. For example, Rule 10 as found at Ind.Admin.Rules & Reg. (22–3–4–6)–10 (Burns Code Ed.) provides:

"Proof—How made.—In all hearings proof may be made by oral testimony, or by depositions, when the convenience of the witnesses or the parties so requires. *Such depositions shall be taken in the manner and upon the notice required by statute for taking depositions in civil cases.* [Industrial Bd., Procedural Rule 14, adopted Aug. 1, 1949, filed Aug. 2, 1949, eff. Aug. 10, 1949.] (Emphasis added.)

The Industrial Board also has the power to subpoena witnesses and regulate the course and conduct of the hearings. IC 1971, 22–3–7–24. Due to the similarity of the powers of the Industrial Board to the powers of the State Employees' Appeals Commission on which the Court in *Frye* based its conclusion, *Frye* is controlling on the issue of the applicability of the discovery trial rules.

Although *Frye* was not an Industrial Board case, the Court cited the case of *Ind.*

*Steel Products v. Leonard, Admrx., etc.* (1954), 124 Ind.App. 592, 117 N.E.2d 372 as authority in reaching its decision. *Leonard* was an Industrial Board opinion dealing with the issue of discovery in the form of conditional examinations in which the Court said:

"Appellant contends that because the Workmen's Compensation Act does not provide for the taking of conditional examinations and the rules of the Industrial Board do not provide therefor, such an examination cannot be taken in cases of this kind. We cannot agree. We see no reason why a party in these cases may not have the benefit of a conditional examination if taken in conformity with the law authorizing them in civil actions." 117 N.E.2d at 375.

In addition, TR. 28(F) speaks in terms of "any" adjudicatory hearing before an administrative agency. It does not distinguish between those agencies which are covered by the AAA and those which are not. An Industrial Board hearing is adjudicatory and trial-like in nature, rather than legislative in nature. Therefore, pursuant to TR. 28(F), Trial Rules 26 through 37 are applicable to the Industrial Board.

Josam places a great deal of emphasis on the case of *Clary; Reinhold v. Nat'l. Friction Products* (1972), 259 Ind. 581, 290 N.E.2d 53. *Clary* was an Industrial Board case in which the Indiana Supreme Court held that the Rules of Trial Procedure do not apply to actions before the Industrial Board. *Clary*, however, was a case involving appeals which were not perfected within 30 days from the award and in which no assignments of error were filed. The case discussed TR. 59(G) and had nothing whatsoever to do with the excepted Trial Rules for discovery.

Likewise, the other cases cited by Josam as authority for its position either predate *Frye* or do not deal with the issue of the Trial Rules for discovery. Thus, they are not controlling.

■ Josam argues that the Industrial Board has not adopted or promulgated any rules regarding discovery and it is unconstitutional for the judiciary to impose its rules upon the Industrial Board. Such an argument it seems only the Industrial Board would be in the position to make. However, it was the Industrial Board who ordered Josam to answer the interrogatories. An order which Josam was bound by, yet refused to comply with.

Finally, Josam makes the bold allegation that the adoption and promulgation of discovery rules would only complicate, delay and formalize proceedings pending before the Industrial Board. This assertion is made, however, without any authority to support it and is without merit.

It seems clear that Trial Rules 26 through 37 are intended to be an exception to the general rule that the Indiana Trial Rules are inapplicable to administrative agencies. Therefore, the Industrial Board had the authority to order Josam to answer the interrogatories, and the LaPorte Circuit Court had the authority to order Josam to comply with the order of the Industrial Board. This portion of the judgment is affirmed.

■ The other issue raised by Josam is whether the trial court erred in awarding attorney fees. As was discussed and decided previously in this opinion, pursuant to TR. 28(F), Trial Rules 26 through 37 of the Indiana Rules of Procedure are applicable to administrative agencies. Therefore, Trial Rule 37(B) which provides for sanctions must also apply.

■ The refusal to comply with the order came at the Industrial Board level, not at the trial court level. If Josam would disobey an order of the trial court in bad faith,[1] the trial court would have the authority to order sanctions. But in this case that did not happen. Therefore, the portion of the

---

1. We are making no determination as to whether or not the trial court properly found that Josam acted in bad faith since we need not reach that question.

trial court's judgment awarding attorney fees must be reversed.[2]

Affirmed in part and reversed in part.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. The Majority is only half right in its conclusion and result. I agree with the first half of the Majority's conclusion which states: "Trial Rules 26 through 37 of the Indiana Rules of Procedure are applicable to administrative agencies. Therefore, Rule 37 (B) which provides for sanctions must also apply." It is the last paragraph of the Majority's Opinion that contains the erroneous half of its conclusion and result. In the last paragraph, it denies the trial court's right under TR. 37(B) to grant attorney fees as a sanction against the offending party where bad faith has been displayed in the discovery process and resulted in delay of discovery as well as protraction of the litigation. This erroneous result and mis-application of TR. 37(B) will compound the procedural obstacles that TR. 37(B) was designed to eliminate—the elimination of unnecessary delay in the discovery process, the elimination of litigation being unnecessarily protracted, and the elimination of unnecessary court involvement in the discovery process so that judicial time can be conserved and used to decrease the backlog of pending litigation and other pressing Court business.

The Majority has premised this erroneous half of their conclusion on the very unreliable assumption that a court order must be issued and violated before there can be any sanction by the trial court. A second faulty premise drawn by the Majority is that only the Industrial Board can sanction the party who has acted in bad faith since only its order was violated by Josam. Both premises are incorrect and both project a result

never intended under TR. 37(B). Both compound the very obstacles TR. 37(B) was designed to avoid. Therefore, I dissent from the Majority Opinion. I would affirm that part of the judgment which awarded attorney fees as a sanction under TR. 37(B).

The Majority's first premise that the trial court's use of a sanction under TR. 37(B) is dependent upon the trial court's issuance of an order pursuant to subsection (A) and a violation of the order is unrealistic, dysfunctional, and incorrect. In *State v. Kuespert* (1980), Ind.App., 411 N.E.2d 435, Judge Ratliff made a very clear and concise statement as to the need for any preliminary discovery orders by the trial court. Judge Ratliff stated in *Kuespert*:

"We find nothing in the wording of the rule itself which makes the court's use of the sanctions set out in subsection (B) dependent upon the court's issuance of an order pursuant to subsection (A). Neither does the state cite any case or authority in support of its hypothesis. This court has pointed out that '[a] primary objective in the adoption of our present procedural rules was elimination of delay resulting in protracted litigation.' *Clark County State Bank v. Bennett*, (1975) 166 Ind.App. 471, 336 N.E.2d 663, 666...." (brackets original)

411 N.E.2d at 437.

In *Kuespert*, Judge Ratliff further noted "that our discovery rules, and specifically T.R. 37, are closely patterned on the Federal Rules. *Finley v. Finley*, (1977) Ind. App., 367 N.E.2d 1126. The purpose of Fed.R.Civ.P. 37, and thus of T.R. 37, is to facilitate discovery without the necessity of the court's involvement... Federal Rule 37 provides for costs and expenses to be assessed when a party must go to the trouble of obtaining a court's intervention to compel discovery. 4A *Moore's Federal Practice* ¶ 37.02 (1980). We be-

---

**2.** What the dissent appears not to be aware of is that the Industrial Board has no authority to enforce any of its orders. It has no contempt power. In order to execute an award from the Industrial Board, a party must seek execution in a court of law. However, as emphasized in our opinion, the prerequisite for seeking assistance from a trial court is first obtaining an order from the Industrial Board. No order for sanctions was made by the Industrial Board in this case and thus, the trial court could not order sanctions.

lieve the same to be true of our T.R. 37. Furthermore, it is Dean Harvey's opinion that a court order is not necessary for relief to be had pursuant to T.R. 37(B)(2) against a party who fails to comply with discovery. 3 Harvey, *Indiana Practice* § 37.2 (1970)." (citations and footnote omitted, brackets original)

411 N.E.2d at 437.

TR. 37(B)(2) provides:

"To avoid abuse of discovery proceedings and to secure enforcement of the discovery provisions of these rules in any enforcement or protective proceedings under the discovery provisions of these rules or upon motion and notice by a party, witness or person to any persons affected thereby:

\* \* \* \* \* \*

"(2) The court may allow expenses, including reasonable attorney's fees, incurred by a party, witness or person, against a party, witness or person responsible for unexcused conduct that is:

\* \* \* \* \* \*

(c) in bad faith and abusively resisting or obstructing a deposition, interrogatories, production of evidence, inspection, examination, request, question, enforcement order, subpoena, protective order or any other remedy under the discovery provisions of these rules."

The clear and plain language of the Rule makes it quite obvious that Judge Ratliff's conclusory assessment of Rule 37 in *Kuespert* and Dean William H. Harvey's opinion of Rule 37 relief in his book on *Indiana Practice* are absolutely correct. Relief under TR. 37 is not predicated upon the issuance of an order or even its subsequent violation. Involvement of the court in the discovery process by making a motion is all that is necessary to entitle a party to relief.

The second faulty premise drawn by the Majority completely ignores Rule 37 and its purpose. Its second premise is that only the Industrial Board can sanction Josam Manufacturing Company since only the Industrial Board's order was violated. IC 22–3–4–12 does authorize the Industrial Board to impose sanctions, but the sanctions are very limited. IC 22–3–4–12 provides:

"That whenever the industrial board shall determine upon hearing of a claim that the employer has acted in bad faith in adjusting and settling said award, or whenever the industrial board shall determine upon hearing of a claim that the employer has not pursued the settlement of said claim with diligence, then the board shall, if compensation be awarded, fix the amount of the claimant's attorneys fees and such attorney fees shall be paid to the attorney and shall not be charged against the award to the claimant. It is further provided that such fees as are fixed and awarded on account of a lack of diligence or because of bad faith on the part of the employer shall not be less than one hundred fifty dollars [$150]. . . ."

The sanctions provided for under this Statute can only be invoked by a determination of the Industrial Board after the hearing has been concluded and only then ". . . if compensation be awarded, . ." to the claimant. This means that there is no sanction available to the Board before the hearing to compel discovery when an employer has acted in bad faith. Furthermore, the employer can act in bad faith with immunity if the award is denied, since the Statute permits the attorney fee sanction only in a case where the claimant is successful. The Industrial Board can only impose the attorney fee sanction against Josam for its acts of bad faith if compensation is awarded to Ross. The sanction provided for in this Statute is of no use in a pre-hearing discovery process nor was it ever intended to be. Its standards go to other matters.

The standards of this Statute concern "bad faith in adjusting and settling" of a claim and the failure of an employer to "pursue the settlement of said claim with diligence." These are not discovery standards. They are not discovery standards, since they are without sanction if the claimant loses. They are not discovery standards

because discovery is a "two-way street." Only the employer is exposed to a sanction for acts of bad faith. Only the employer is addressed on matters solely within his control and discretion. This Statute has nothing to offer as a deterrent to bad faith discovery. It is a Statute which urges the employer to settle and adjust meritorious claims with diligence or suffer the sanction of additional attorney fees.

Even with the trial court's order and sanction of attorney fees against Josam, a year expired from the time Ross filed his interrogatories to the time of the trial court's judgment and sanction against Josam. This delay has protracted the litigation to unacceptable limits even with TR. 37(B) as a sanction. Other litigation too has been delayed by the involvement of the trial court in requiring Josam to answer Ross's interrogatories. The Majority's conclusion that Josam can repeat the process *ad infinitum* on each new discovery request without fear from the trial court or the Board for that matter until the hearing is concluded—and not even then if Ross is unsuccessful in his claim for compensation—is unacceptable to me. I therefore dissent.