**Sally R. RILEY, Appellant–Plaintiff,**

v.

**HERITAGE PRODUCTS, INC., Appellee–Defendant.**

No. 54A04–0306–CV–303.

Court of Appeals of Indiana.

Feb. 26, 2004.

James E. Ayers, Wernle, Ristine & Ayers, Linden, IN, Attorney for Appellant.

Michael Patrick Dugan, Riley Bennett & Egloff, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

The worker's compensation claim of Sally Riley ("Riley") is currently pending before the Worker's Compensation Board. After her employer, Heritage Products, Inc. ("Heritage"), attempted to obtain her employment records from her former employer, Riley filed a motion for protective order in the Montgomery Superior Court. Heritage filed a motion to dismiss Riley's motion for lack of subject matter jurisdiction. The trial court granted Heritage's motion to dismiss. Riley appeals and argues that the trial court had jurisdiction to determine whether her former employer was required to produce the requested documents. Concluding that the trial court lacked the requisite subject matter jurisdiction, we affirm.

### Facts and Procedural History

On January 31, 2002, Riley filed an application for adjustment of claim with the Worker's Compensation Board ("the

Board") alleging that she sustained an injury to her lower back, right hip and leg within the course of her employment at Heritage. Riley filed a second application for adjustment of claim approximately two weeks later alleging a separate injury to her back.

On July 8, 2002, Heritage notified Riley that it intended to serve non-party requests for production of documents on two of Riley's former employers: Masterguard Corporation and SPI Bonding Company ("SPI").[1] Heritage did not receive an objection from Riley. Therefore, on July 23, 2002, Heritage sent a request for production of documents to SPI and requested all of Riley's employment records, wage statements, personnel files, W–2 forms, and worker's compensation files maintained by SPI.[2] Appellee's App. p. 27. On August 9, 2002, SPI sent a letter to Heritage stating that there were no documents in Riley's files concerning Riley's back, right hip, or right leg, and that "[a]ll documents are personal and private in nature and providing them would be an invasion of Ms. Riley's privacy." Appellee's App. p. 30. Shortly thereafter, Heritage sent letters to both SPI and Riley stating that Riley's employment records were subject to discovery and that Heritage would file a motion to compel with the Board if the documents were not received by August 30, 2002.[3] Appellee's App. pp. 31–32.

On October 23, 2002, Riley filed a motion for protective order in the Montgomery Superior Court. On November 13, 2002, Heritage filed a motion to dismiss Riley's motion for lack of subject matter jurisdiction, and Heritage requested fees and costs. A hearing was held on the motion and on February 4, 2003, the trial court dismissed Riley's motion for protective order for lack of subject matter jurisdiction and awarded costs and fees to Heritage. Riley then filed a motion for reconsideration. On April 30, 2003, the trial court granted Riley's motion for reconsideration in part by entering an order upholding its dismissal of Riley's motion for protective order, but denying Heritage's request for costs and fees. Riley now appeals.

### Discussion and Decision

■ A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning a court's power to act. *Cmty. Hosp. v. Avant*, 790 N.E.2d 585, 586 (Ind.Ct.App.2003). When the facts before the trial court are not in dispute, the question of subject matter jurisdiction is purely one of law. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001). Under those circumstances no deference is afforded the trial court's judgment because "appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law." *Id.* (citation omitted). In this case, the relevant facts presented to the trial

---

1. The request sent to Masterguard was resolved by the parties and is not relevant to this appeal.

2. On July 26, 2002, Riley sent a letter to SPI stating that Riley objected to Heritage's requests for production, but gave consent to SPI to release any documents concerning Riley's back, right hip, and right leg. Appellant's App. p. 20. However, Riley did not send a copy of the letter to Heritage and did not inform Heritage of her objections.

3. On October 1, 2002, Heritage sent another letter to SPI requesting Riley's employment records. The letter also stated that a records deposition would be scheduled if the records were not produced in a timely manner. However, Heritage did not schedule a deposition despite SPI's failure to respond. Appellee's App. p. 35.

court were not in dispute, and therefore, we review the trial court's decision de novo.

■■■■ Recovery for personal injury or death by accident arising out of and in the course of employment can be sought exclusively under the Worker's Compensation Act, and such actions are cognizable only by the Worker's Compensation Board. *Perry v. Stitzer Buick GMC, Inc.,* 637 N.E.2d 1282, 1285 (Ind.1994) (citation omitted); Ind.Code § 22–3–2–6 (1991 & Supp.2003). "The legislature intended the board's jurisdiction in such cases to be original and exclusive, and resort may not be had to the courts until the administrative process has been completely exhausted." *Perry,* 637 N.E.2d at 1285. Further,

> [u]nder Indiana law, a claimant with an available administrative remedy must pursue that remedy before being allowed access to the courts. If a party fails to exhaust administrative remedies, the trial court lacks subject matter jurisdiction. By requiring a party to first pursue all available administrative remedies before allowing access to the courts, premature litigation may be avoided, an adequate record for judicial review may be compiled, and agencies retain the opportunity and autonomy to correct their own errors.

*Lake County Sheriff's Corr. Merit Bd. v. Peron,* 756 N.E.2d 1025, 1028 (Ind.Ct.App. 2001) (internal citations omitted).

As Riley correctly notes, the Board, although not bound by technical rules of practice, has expressly adopted Trial Rules 26 through 37. *See* Ind. Admin. Code tit. 631, r. 1–1–3 (1988). Riley argues that by adopting the discovery trial rules, the Board "accepted and recognized that jurisdiction of some such disputes should be within the realm of the civil courts." Br. of Appellant at 16. Specifically, Riley argues that a party or non-

party "under Indiana law and in accordance with Trial Rule 34, is entitled to go to a Court in the county where production is sought to seek protection from improperly requested production. That is the proper forum to resolve T.R. 34 non-party production disputes." *Id.* at 17. In urging this interpretation, Riley relies on the use of the term "court" in Rule 34(C), the rule addressing production of documents by non-parties, and Rule 37, the rule addressing motions for orders compelling discovery and sanctions. Further, although Riley concedes that the Board has jurisdiction to address motions to compel discovery, she contends that courts of general jurisdiction have "jurisdiction to issue a protective order to prevent the coercive compulsion of discovery from a non-party[.]" Reply Br. of Appellant at 3–4.

In making these arguments, Riley ignores the discovery procedures described in Rule 28(F), which provides:

> Whenever an adjudicatory hearing, including any hearing in any proceeding subject to judicial review, is held by or before an administrative agency, any party to that adjudicatory hearing shall be entitled to use the discovery provisions of Rules 26 through 37 of the Indiana Rules of Trial Procedure. Such discovery may include any relevant matter in the custody and control of the administrative agency.

> *Protective and other orders shall be obtained first from the administrative agency,* and if enforcement of such orders or right of discovery is necessary, it may be obtained in a court of general jurisdiction in the county where discovery is being made or sought, or where the hearing is being held.

Ind. Trial Rule 28(F) (2004) (emphasis added). The unambiguous language of Rule 28(F) clearly states that a party must first obtain a protective order from the

administrative agency and that jurisdiction to enforce that order rests with courts of general jurisdiction.

In *State v. Frye*, 161 Ind.App. 247, 315 N.E.2d 399 (1974), a state employee filed a complaint against a state agency with the State Employees' Appeals Commission. During the pending complaint proceedings, the employee served interrogatories on the agency, which the agency refused to answer. *Id.* at 248, 315 N.E.2d at 400. The employee then filed a motion in the Parke Circuit Court requesting that the court order the agency to answer the interrogatories. *Id.* The trial court denied the agency's motion to dismiss and ordered the agency to answer the interrogatories. *Id.*

On appeal, we observed that while the Commission had statutory authority to order the parties to submit to depositions, answer interrogatories, and therefore resolve objections during those discovery proceedings, we noted that administrative agencies do not have contempt power. *Id.* at 249, 252, 315 N.E.2d at 401, 403. Further, pursuant to Rule 28(F),[4] the trial court had the power and authority to issue enforcement orders to require the agency to answer the employee's interrogatories. *Id.* Nevertheless, we concluded:

> Although the trial court had that power, it is our opinion that its action was premature and erroneous, in that the

Commission had not been requested by [the employee] to order [the agency] to submit answers to [the employee's] interrogatories. and the same was prerequisite to [the employee] requesting the aid of the trial court.

It is our further opinion that the trial court could not properly pass upon the interrogatories in a case such as this until such time the Commission had ruled that the interrogatories be answered and the same had not been answered within the time ordered by the Commission. After such failure, if any, to answer we can see no reason why the party filing the interrogatories should not then go to the trial court for relief, as provided in TR. 28(F). It is incumbent on [employee] Frye to exhaust all of his administrative remedies prior to the seeking of the aid of the trial court.

*Id.* at 252–53, 315 N.E.2d at 403.

Indiana Code section 22–3–1–3 authorizes the Board to subpoena witnesses, administer oaths, "apply to the circuit or superior court *to enforce* the attendance and testimony of witnesses and the production and examination of books, papers, and records," and "to exercise all other powers and duties conferred upon the board by law." Ind.Code § 22–3–1–3 (1991 & Supp.2002) (emphasis added).[5] We agree with Heritage that pursuant to the

---

4. At the time *Frye* was decided, Rule 28(F) provided:

   Whenever a hearing before an administrative agency is required, parties shall be entitled to all the discovery provisions of Rules 26 though 37. Protective and enforcement orders shall be issued by a court of the county where discovery is being made or where the hearing is to be held. Leave of court shall not be required as provided in Rule 30, and the agency shall make the determinations provided in Rule 36(B).

   *Id.* at 249, 315 N.E.2d at 401.

5. *See also* Ind.Code § 22–3–4–2 (1991) ("The board or any member of the board shall have the power for the purpose of IC 22–3–2 through IC 22–3–6 to subpoena witnesses, administer or cause to have administered oaths, and to examine or cause to have examined such parts of the books and records of the parties to a proceeding as they relate to questions in dispute.... The circuit or superior court shall, on application of the board or any member of the board, enforce by proper proceedings the attendance and testimony of witnesses and the production and examination of books, papers, and records.").

Worker's Compensation Act and Rule 28(F), the Board has jurisdiction to resolve discovery disputes. Further, the circuit or superior court's jurisdiction is limited to enforcement of the Board's discovery orders.

In this case, Riley never attempted to obtain a protective order from the Board pursuant to Rule 28(F). Consequently, she failed to exhaust her administrative remedies and the trial court properly dismissed her motion for protective order for lack of subject matter jurisdiction.

Affirmed.

SHARPNACK, J., and VAIDIK, J., concur.