**INDIANA BUREAU OF MOTOR VEHI-
CLES and Andrew Miller, Commis-
sioner of the Indiana Bureau of Mo-
tor Vehicles, Appellants/Intervenors–
Respondents,**

v.

**Heather CHARLES,
Appellee/Petitioner.**

No. 49A04–0906–CV–308.

Court of Appeals of Indiana.

Oct. 14, 2009.

Publication Ordered Dec. 4, 2009.

Gregory F. Zoeller, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, for Appellants.

Frederick Vaiana, Voyles Zahn Paul Hogan & Merriman, Indianapolis, for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

The Bureau of Motor Vehicles and its commissioner, Andrew Miller ("the BMV"), appeal an indirect civil contempt order. We reverse and remand.

### Issues

I. Did the trial court err in issuing a second contempt order during a hearing on the BMV's motion to correct error where the first contempt order was vacated for lack of notice?

II. Is the BMV a "person" within the language of the Indiana civil contempt statute?

III. Was the unverified petition for rule to show cause deficient as a matter of law?

### Facts and Procedural History

Heather Charles is employed as a newspaper photographer. Her employment duties include driving to various locations around the state to take photographs. On December 27, 2008, she had her driving privileges suspended in conjunction with an alcohol-related offense. Ind.Code § 9–30–6–9. On January 9, 2009, she filed a verified petition for a hardship driver's license pursuant to Indiana Code Sections 9–24–15–2 and –3. At that time, the BMV had recently implemented a policy requiring those who seek a hardship driver's license to obtain SR–22 high risk insurance. On January 26, 2009, the trial court held a hearing and granted Charles's petition for a hardship license. The trial court amended its order on January 27, 2009. As part of both orders, the trial court stated that Charles was "not required to file a SR22." Appellant's App. at 16, 18.

On January 27, 2009, Charles went to the BMV Reinstatement Center, presented the court order, and requested a restricted driver's license. The BMV conditioned the issuance of her license upon her first obtaining SR–22 insurance. As a result, Charles purchased the SR–22 insurance and was ultimately issued a restricted driver's license.

On February 9, 2009, Charles filed an unverified petition for rule to show cause why the BMV should not be held in contempt for failure to comply with the trial court's January 27 order that she not be required to purchase SR–22 insurance as a prerequisite to obtaining her restricted driver's license. Charles served notice on the Marion County Prosecutor's office, but the record does not indicate that the BMV was served. In her petition, she claimed that she spent four hours at the BMV and spoke with three different BMV employees, identified only as Dawn, Jennifer, and Daquanna, all of whom refused to grant her request unless she obtained SR–22 insurance. *Id.* at 21. On February 18, 2009, the trial court issued an order requiring BMV Commissioner Ronald L. Stiver [1] to appear at a March 9, 2009 hearing to show cause why he should not be held in contempt of the January 27 court order. The distribution list on the face of

---

1. Stiver was BMV Commissioner at the time of the January 27, 2009 incident. Currently, the BMV Commissioner is Andrew Miller.

the order indicates that it was sent to Charles's counsel, Commissioner Stiver, and Marion County Prosecutor Carl Brizzi. Appellant's App. at 23. However, the record does not contain any proof of service to Stiver.

Marion County Deputy Prosecutor Kevin Chu appeared at the March 9 hearing and stated that he had not seen a copy of the petition, that he was unfamiliar with the BMV's policy regarding SR–22 insurance, that the BMV must be made a party, and that he could not adequately represent the BMV's position on the matter on the SR–22 requirement. Tr. I at 3, 5, 7.[2] On March 10, 2009, the trial court issued a contempt order against the BMV and ordered the BMV to reimburse Charles $307.03 for the SR–22 insurance coverage.

On March 16, 2009, the Indiana Attorney General's Office entered an appearance for the BMV and filed a motion to correct error and a motion to vacate the March 10 order for lack of notice. The BMV attached the affidavit of its legal department employee Aimee Rice, in which she stated that she had conducted an investigation of various BMV departments, including the Reinstatement Department, and that the BMV had no record of receiving any documents relating to Charles's petition for rule to show cause. The trial court held a hearing on April 8, 2009, during which Charles's counsel admitted that notice had not been properly served upon the BMV and its commissioner prior to the March 9 hearing. Neither party called witnesses at the hearing. Instead, the trial court heard arguments from counsel, set aside the March 10 contempt order for lack of notice, and issued a second contempt order requiring the BMV to pay Charles $307.03. This appeal en-

sued. Additional facts will be provided as necessary.

### Discussion and Decision

#### I. Notice

■ The BMV contends that the trial court erred in issuing the April 2009 contempt order. The BMV suggests, and we agree, that the order is one for indirect civil contempt, which involves actions outside the trial court's presence that constitute willful disobedience of its orders. *Richardson v. Hansrote*, 883 N.E.2d 1165, 1171 (Ind.Ct.App.2008). We review a trial court's decision to enter a contempt order for an abuse of discretion. *Id.* Here, the trial court entered its April 2009 contempt order at a hearing on the BMV's motion to correct error. Although rulings on motions to correct error are usually reviewable under an abuse of discretion standard, we review a case de novo when the issue on appeal is purely a question of law. *Neu v. Gibson*, 905 N.E.2d 465, 473 (Ind.Ct. App.2009). Throughout the proceedings, the BMV's claim has centered on a lack of notice and an opportunity to be heard. Thus, it involves due process and is a question of law, which we review de novo. *Miller v. Ind. Dep't of Workforce Dev.*, 878 N.E.2d 346, 351 (Ind.Ct.App.2007).

■ Charles's petition for rule to show cause claims that the BMV willfully refused to comply with the January 27, 2009 court order. Because indirect contempt involves actions that occur outside the presence of the trial court, the law requires an array of due process protections, including notice and an opportunity to be heard. *In re Contempt of Wabash Valley Hosp., Inc.*, 827 N.E.2d 50, 62 (Ind. Ct.App.2005); *see also Richardson*, 883 N.E.2d at 1171 (stating that indirect con-

---

**2.** The record contains two separate transcript volumes. The first consists of the transcript of the March 10, 2009 hearing and is referred

to as "Tr. I." The second consists of the transcript of the April 8, 2009 hearing and is referred to as "Tr. II."

tempt involves the willful disobedience of a court order about which the accused person has notice). Indiana Code Section 34–47–3–5 provides that in all cases of indirect contempt, the person charged is entitled to be served with a rule to show cause before answering the charge or being punished for contempt. The rule to show cause must set forth a factual basis and specify the time and place at which the defendant shall appear to show cause why he should not be held in contempt. *Id.*

Here, the record indicates, and Charles admits, that the BMV was served neither with notice of the petition for rule to show cause nor with notice of the court's ensuing action upon that petition. Moreover, at the March 9 hearing, both the deputy prosecutor and the trial court expressed doubt that the BMV had been properly served with Charles's petition. Tr. I at 3, 5, 7, 8. Nonetheless, the trial court issued a contempt order against the BMV.

When the BMV filed a motion to correct error, the matter was set for hearing, and the BMV prepared to argue that it was denied due process for insufficient notice and opportunity to be heard. At the hearing, Charles's counsel conceded improper service of process. Tr. II at 3. As a result, the trial court vacated the original contempt order. Curiously, the trial court then stated,

[W]e're going to conduct this as a hearing de novo on *that issue.* I also note for the record that in the Attorney General's response representing the Bureau of Motor Vehicles, they claim that the issue on your Show Cause is moot and that they've discontinued the policy of requiring the SR–22 insurance. So I think[,] correct me if I'm wrong, gentlemen. I think the sole issue is should they have done it to begin with[.]

*Id.* (emphasis added).

We find the trial court's de novo hearing both confusing and peculiar. First, we note that the only issue discussed prior to the court's statement was the insufficiency of notice, and Charles's counsel had already conceded that issue. Also, neither party presented any witnesses, and the only exhibit presented as evidence was BMV employee Rice's affidavit stating that her investigation produced no indication that the BMV received notice of the original motion or the ensuing March hearing. Again, this issue was disposed of when the trial court vacated the original contempt order. Thus, the affidavit would not be probative once the hearing had been converted to a hearing on the merits. Other than the one exhibit, the transcript contains only argument from counsel, which the attorney general attempted to limit to the issue of notice. In electing to conduct an immediate de novo hearing, the trial court deprived the BMV of the opportunity to prepare and present evidence and to make and meet arguments that transcended the procedural issue upon which the motion to correct error was based.

In sum, we conclude that the trial court properly vacated the first contempt order, but erred in issuing the second contempt order. Accordingly, we reverse and remand for further proceedings consistent with this decision. However, we address the BMV's other issues to the extent that they may arise on remand.

## II. Agency as a "Person"

The BMV contends that, as an agency, it cannot be held in contempt of court. We disagree. Although the civil contempt statute speaks in terms of "a person" who willfully disobeys a court order, Ind.Code § 34–47–3–1, case law supports a trial court's authority to issue orders against entities. *See e.g., City of Gary v. Major,* 822 N.E.2d 165 (Ind.2005) (city held in contempt); *see also Riley v. Heritage Prods., Inc.,* 803 N.E.2d 1185,

1189 (Ind.Ct.App.2004) (stating that trial court had authority to issue enforcement orders against agency).

### III.  Verification of Petition

The BMV contends that Charles's unverified petition cannot serve as a basis for a rule to show cause.  We agree.[3]  *See* Ind.Code § 34–47–3–5(d)(2) (requiring that an indirect contempt order may not issue until the facts alleged to constitute contempt have been "duly verified by the oath or affirmation of some officers of the court or other responsible person").  Because Charles's petition lacks verification by oath, it fails to meet the statutory requirements.

Reversed and remanded.

MAY, J., and BROWN, J., concur.

### ORDER

Appellee, by counsel, has filed a Motion to Publish.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. Appellee's Motion to Publish is GRANTED, and this Court's opinion handed down in this cause on October 14, 2009, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

MAY, CRONE, BROWN, JJ., concur.

---

**3.** Charles argues that the BMV waived this issue by failing to raise it at the April hearing on its motion to correct error.  We disagree.  The motion to correct error was based on deficient notice.  As discussed, none of the substantive issues relating to the underlying basis for the order to show cause were litigated at the April hearing.  Thus, the BMV cannot reasonably have been expected to raise the verification issue at that time.