STATE of Indiana et al.,
Defendants–Appellants,

v.

Thomas L. KUESPERT et al.,
Plaintiffs–Appellees.

No. 1–480A83.

Court of Appeals of Indiana,
First District.

Oct. 15, 1980.

Theodore L. Sendak, Atty., Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for defendants–appellants.

Hugh E. Reynolds, Jr., Michael A. Bergin and Kevin Charles Murray, Locke, Reynolds, Boyd & Weisell, Indianapolis, Jerry L. Susong, Gregg & Susong, Thorntown, E. Davis Coots, Coots & Henke, Carmel, for plaintiffs–appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

The state appeals from an award of attorney fees to plaintiffs pursuant to Ind.

Rules of Procedure, Trial Rule 37(B)(2)(c) for evasive, incomplete, and inadequate responses to discovery. We affirm.

## FACTS

The underlying facts of this case have been reported at *Kuespert v. State*, (1978) Ind.App., 378 N.E.2d 888 at 889–92, *trans. den.* Upon reversal and remand by this court, a class action was certified, and plaintiffs pursued discovery, filing a motion to require the state to supplement and answer interrogatories, a request for admissions, and a request for production. Plaintiffs' petition expediting discovery was granted, and the trial court ordered the state to respond to discovery on or before February 4, 1979. The state responded on February 20, 1979. The answers given appeared incomplete or inaccurate in light of a previous hearing. Thus, on June 8, 1979, plaintiffs filed another request for production seeking the same information as sought by previous interrogatories within thirty days. The state responded on July 26, 1979, again inaccurately and incompletely. On October 31, 1979, plaintiffs filed a motion to compel production and for order awarding attorney's fees and expenses on the grounds that the state had repeatedly given partial, inaccurate, or untrue and misleading information in response to discovery procedures. The hearing was held on November 8, 1979, and on November 20, 1979, the trial court sustained plaintiffs' motion and awarded attorney's fees and expenses in the sum of one thousand three hundred eighty–one dollars and thirty–four cents ($1,381.34).

## ISSUES

The state alleges two grounds of error for our attention:

"I. The trial court erred in awarding fees and costs in the absence of any evidence in the record; and

"II. The trial court erred in awarding excessive costs and fees."

## DISCUSSION AND DECISION

*Issue I*

 The state contends that the plaintiffs and the court should have proceeded under T.R. 37(A) first to issue an order compelling discovery and then, only after "waiting to see what effect, if any, it would have," to proceed under T.R. 37(B) with sanctions.

We set forth below T.R. 37 in full:

## "FAILURE TO MAKE DISCOVERY: SANCTIONS

"(A) Motion for order compelling discovery. Upon reasonable notice to other parties and all persons affected thereby, a party may apply for an order compelling discovery as follows:

"(1) Appropriate court. An application for an order to a party may be made to the court in which the action is pending, or alternately, on matters relating to a deposition or an order under Rule 34, to the court in the county where the deposition is being taken or where compliance is to be made under Rule 34. An application for an order to a deponent who is not a party shall be made to the court in the county where the deposition is being taken.

"(2) Motion. If a party refuses to allow inspection under Rule 9.2(E), or if a deponent fails to answer a question propounded or submitted under Rule 30 or 31, or a party fails to answer an interrogatory submitted under Rule 33, or if a party or witness or other person, in response to a request submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may apply for an order compelling an answer or an order compelling inspection in accordance with the request. On matters relating to a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.

"(3) Evasive or incomplete answer. For purposes of this subdivision an eva-

sive or incomplete answer if made in bad faith is a failure to answer.

"(B) Sanctions–Contempt, damages and default. To avoid abuse of discovery proceedings and to secure enforcement of the discovery provisions of these rules in any enforcement or protective proceedings under the discovery provisions of these rules or upon motion and notice by a party, witness or person to any persons affected thereby:

"(1) The court may enforce the attendance of witnesses by attachment, and punish disobedience of a subpoena or order issued or made under these discovery rules as a contempt of court in the manner as provided in Rule 45(F).

"(2) The court may allow expenses, including reasonable attorney's fees, incurred by a party, witness or person, against a party, witness or person responsible for unexcused conduct that is:

(a) punishable for disobedience of a subpoena or order under subdivision (B)(1) of this rule; or

(b) in bad faith and abusively making or seeking a deposition, interrogatories, production of evidence, inspection, examination, request, question, enforcement order, subpoena, protective order or any other remedy under the discovery provisions of these rules; or

(c) in bad faith and abusively resisting or obstructing a deposition, interrogatories, production of evidence, inspection, examination, request, question, enforcement order, subpoena, protective order or any other remedy under the discovery provisions of these rules.

"(3) The court may order evidence upon matters to be taken as established or may order that evidence upon matters be refused as against a party subject to subdivision (B)(2) of this rule.

"(4) The court may enter total or partial judgment by default or dismissal with prejudice against a party who is responsible under subdivision (B)(2) of this rule if the court determines that the

party's conduct has or threatens to so delay or obstruct the rights of the opposing party that any other relief would be inadequate.

"(C) Governmental organizations. This rule shall apply to governmental organizations, including the United States to the extent permitted by statute or other laws of the United States."

We find nothing in the wording of the rule itself which makes the court's use of the sanctions set out in subsection (B) dependent upon the court's issuance of an order pursuant to subsection (A). Neither does the state cite any case or authority in support of its hypothesis. This court has pointed out that "[a] primary objective in the adoption of our present procedural rules was elimination of delay resulting in protracted litigation." *Clark County State Bank v. Bennett,* (1975) 166 Ind.App. 471, 336 N.E.2d 663, 666. We have likewise noted that our discovery rules, and specifically T.R. 37, are closely patterned on the Federal Rules.[1] *Finley v. Finley,* (1977) Ind.App., 367 N.E.2d 1126. The purpose of Fed.R.Civ.P. 37, and thus of T.R. 37, is to facilitate discovery without the necessity of the court's involvement. *See,* 8 *Federal Practice and Procedures* § 2288 (1970); *Chustak v. Northern Indiana Public Service Co.,* (1972) 259 Ind. 390, 288 N.E.2d 149. Federal Rule 37 provides for costs and expenses to be assessed when a party must go to the trouble of obtaining a court's intervention to compel discovery. 4A *Moore's Federal Practice* ¶ 37.02 (1980). We believe the same to be true of our T.R. 37. Furthermore, it is Dean Harvey's opinion that a court order is not necessary for relief to be had pursuant to T.R. 37(B)(2) against a party who fails to comply with discovery. 3 Harvey, *Indiana Practice* § 37.2 (1970). The state's argument being unsupported by any authority, therefore, must fail.

The state alleges further that plaintiffs provided no evidence at the November 8, 1979, hearing which would have established that the state's failure to comply with dis-

---

1. We note that Federal Rule 37 has been amended this year, but the commentaries on

the rule are still pertinent to our understanding of the purpose behind it.

covery was both "in bad faith and abusively resisting or obstructing" discovery. The state claims that an error was made in February and that Ind. Rules of Procedure, Trial Rule 26(E)(2) permits such errors to be seasonably corrected. The state also contends it should have been given an opportunity to correct its errors since plaintiffs have shown no prejudice and presented no evidence of the expenses or attorney's fees they incurred as a result of delay.

We remind the state that this court presumes that the trial court has correctly decided the questions presented below and that appellant has the burden of overcoming this presumption by clearly showing the trial court's error. *American Optical Co. v. Weidenhamer*, (1980) Ind. App., 404 N.E.2d 606 (petition for transfer pending); *New York Central Railroad Co. v. Milhiser*, (1952) 231 Ind. 180, 106 N.E.2d 453, *reh. den.*, 231 Ind. 180, 108 N.E.2d 57. "[A] court of appeals will not presume anything in favor of appellant to sustain his alleged error." *New York Central Railroad Co. v. Milhiser, supra*, 231 Ind. at 189, 106 N.E.2d at 458. It is appellants' duty, furthermore, to present this court with a record which supports its alleged errors and which is sufficient to permit an intelligent decision of the issues. *Anderson v. Indiana State Employees' Appeals Commission*, (1977) Ind.App., 360 N.E.2d 1040, *trans. den.* In the instant case the state provided neither a transcript nor a statement of the evidence or proceedings, pursuant to Ind. Rules of Procedure, Appellate Rule 7.2(A), of the November 8, 1979, hearing upon which the court based its findings and order. That portion of the record furnished for our review supports the plaintiffs contention and the trial court's opinion that repeated discovery procedures were necessitated by the state's failure to comply accurately and completely with plaintiffs' requests. The presumption of error to which the state claims entitlement was a question for the trier of fact. Because the state failed to show that there was no probative evidence in the record to support the court's judgment, we must find that the state failed to carry its burden on appeal.

*Issue Two*

Finally, the state contends that even if the award of $1,381.34 in attorney's fees were appropriate, it was excessive because it was "clearly against the logic and circumstances before the trial court." The state argues that lack of evidence in the record supporting the award renders its argument difficult but nevertheless does not hesitate to assert that plaintiffs could have spent no more than one hour's work in preparation of their motion to compel. The state therefore concludes that the award of $1,381.34 for one hour's work was really a punitive sum, not appropriately levied against a governmental entity.

We reject all of the state's contentions here. First, in *Fox v. Galvin*, (1978) Ind. App., 381 N.E.2d 103, 105, the appellant raised the same issue as the state raises in our case: "Did the court err in awarding an attorneys fee of $2,000, because there was no evidence in the record as to the value of attorney services?" In *Fox v. Galvin*, attorney fees were awarded pursuant to Ind. Code 32-8-3-14, the mechanics lien statute. After a thoughtful analysis of Indiana law, as well as of the law of other jurisdictions, Judge Buchanan correctly concluded that a judge has the power to award attorney fees even without evidence directly submitted by the parties. Second, the Indiana Supreme Court has stated that "the reasonableness of attorney fees is also a matter regarding which the judge, being a lawyer, may take judicial notice." *McDaniel v. McDaniel*, (1964) 245 Ind. 551, 201 N.E.2d 215, 220. This court will not disturb the trial court's award, therefore, unless it reflects a clear abuse of discretion. We can hardly find that an award of $1,381.34 in attorney's fees to be excessive in the light of an eight month delay caused by the state's failure to comply voluntarily and seasonably with discovery. Finally, T.R. 37(C) specifically states that the rule may apply to governmental organizations. The award was clearly not against the logic and circumstances before the court. Having found that the trial court did not abuse its

discretion in its award of attorney's fees, we shall affirm its judgment.

Judgment affirmed.

ROBERTSON, P. J., and NEAL, J., concur.