STATE of Indiana, et al.,
Appellants-Defendants,

v.

Thomas L. KUESPERT, et al.,
Appellees-Plaintiffs.

No. 1–1080A280.

Court of Appeals of Indiana,
First District.

Sept. 1, 1981.

Rehearing Denied Oct. 2, 1981.

Linley E. Pearson, Atty. Gen., David L. Steiner, Deputy Atty. Gen., Indianapolis, for appellants-defendants.

Michael A. Bergin, Kevin Charles Murray, Locke, Reynolds, Boyd & Weisell, Indianapolis, Jerry Susong, Gregg & Susong, Thorntown, E. Davis Coots, Coots, Henke & Wheeler, Carmel, for appellees-plaintiffs.

RATLIFF, Judge.

## STATEMENT OF CASE

The state appeals from a judgment in favor of Thomas L. Kuespert and certain other employees of the Indiana State Police Department (Kuespert) upon their complaint for emergency service allowance benefits for 1975, 1976, and 1977. We affirm.

## FACTS

Facts pertinent to this appeal have been recited in two opinions written in previous appeals of this cause and reported at *Kuespert v. State*, (1978) Ind.App., 378 N.E.2d 888 at 889–92, *trans. denied*, and *State v. Kuespert*, (1980) Ind.App., 411 N.E.2d 435 at 436. We find it unnecessary to recount them here.

## ISSUES

1. Did the trial court abuse its discretion in ordering sanctions pursuant to Ind.Rules of Procedure, Trial Rule 37(B)(3)?

2. Did the trial court err in entering summary judgment in favor of Kuespert and other employees of the Indiana State Police Department on the issue of Emergency Service Allowance benefits?

3. Did the trial court erroneously compute the benefits under the statute?

## DISCUSSION AND DECISION

*Issue One*

The state argues that the trial court abused its discretion in imposing sanctions pursuant to T.R. 37(B)(3) when it ordered the state to produce evidence in sixty days to show which members of the class were not sworn.

Kuespert contends that this issue has been determined in an earlier appeal, *State v. Kuespert*, (1980) Ind.App., 411 N.E.2d 435. He points out that the state raised this issue in its motion to correct errors which launched that appeal but then neglected to pursue it with argument in its appellate brief. Kuespert argues that Ind. Rules of Procedure, Appellate Rule 8.3(A)(7) should be used to foreclose consideration of issues raised in a motion to correct errors but not argued or briefed for the court and, additionally, that the doctrine of "law of the case" should be applied here to foreclose further consideration of this issue.

The state responds that neither the doctrine of law of the case nor the doctrine of waiver is applicable here because the court's order with regard to discovery was interloc-

utory and did not become an appealable final order until judgment was entered in this cause on May 21, 1980, and June 26, 1980. The state asserts that it was not entitled to raise this part of the order until now.

We find that we agree with both parties as to certain aspects of their arguments.

First, the state is correct in contending that the court's order establishing certain evidence as admitted unless the state refuted it within sixty days was properly severable from the order for the payment of attorney's fees for the purpose of interlocutory appeals under Ind.Rules of Procedure, Appellate Rule 4.

 It is true that discovery orders are generally considered to be interlocutory in nature. *Greyhound Lines, Inc. v. Vanover*, (1974) 160 Ind.App. 289, 311 N.E.2d 632. Appeals from interlocutory orders will lie only when expressly authorized, and such authorization is to be strictly construed. *Anthrop v. Tippecanoe School Corp.*, (1972) 257 Ind. 578, 277 N.E.2d 169. Interlocutory orders for the payment of money are appealable as a matter of right under Ind. Rules of Procedure, Appellate Rule 4(B)(1). *Matter of Estate of Newman*, (1977) Ind. App., 369 N.E.2d 427; *Castor v. Castor*, (1975) 165 Ind.App. 520, 333 N.E.2d 124. However, the imposition of other sanctions may not lead to an appeal as of right.

The court's order for sanctions in the instant case was two-pronged. It read as follows:

### "ORDER FOR SANCTIONS

This matter, having come before the court on November 8, 1979, for a hearing to determine the propriety of allowance of expenses, including reasonable attorneys [sic] fees, incurred by plaintiffs, against the defendants allegedly responsible for unexcused conduct in acting in bad faith and abusively resisting and obstructing the production of evidence, and the court having heard evidence now makes the following findings and entry:

1. On January 15, 1979, plaintiffs filed with the court and served upon defendants a Request for Admissions, among which was statement # 1 which reads as follows:

All State Police employees holding the following positions during 1976 were sworn as Limited Police officers:

Probationary Officer (Radio)

Communications Office I

Communications Officer Tech I

Communications Officer II

Chief Communications Officer

Communications Supervisor

Communications Engineer

Chief Communications Engineer

Police Dispatcher

Post Security Officer

Weigh Master

Weighmen

Photographer (Civil Disorder).

2. On February 16, 1979[,] the defendants served upon plaintiffs their response to said Request for Admission which reads as follows:

Denied. Some were sworn and some were not. See attached lists. For past employees, no record exists from which to determine whether or not the employee was sworn.

3. Plaintiffs believed that records existed for past employees evidencing the swearing of such officers.

4. On June 8, 1979[,] plaintiffs filed a request for production seeking all certificates, copies thereof or other documents concerning the swearing in of all Limited Police Employees listed in the response to plaintiffs interrogatory previously served.

5. Plaintiffs responded with a letter and enclosures, dated July 27, 1979, purportedly containing each document so requested.

6. Such production did not appear to plaintiffs to amount to a complete and thorough response to said request for production. However, the response only included swearing in certificates for present employees.

7. To ascertain the completeness of the defendants['] response plaintiffs were forced to expend time and money to contact class members which were believed to be sworn state police officers.

8. Various correspondence with said class members confirmed the fact defendants['] prior production was evasive, incomplete and inadequate in that it did not provide the swearing in certificates for post [sic] employees.

9. Thereafter counsel for plaintiffs contacted counsel for defendants by telephone and demanded full and complete production within a reasonable time prior to trial. Counsel for defendants admitted that additional certificates for past employees were available.

10. By letter dated October 22, 1979[,] defendants notified plaintiffs that compliance with the production request prior to the trial date of November 8, 1979[,] was apparently impossible. The defendants further stated that they did not have the manpower to make such a production and further that only employees of the state police could have access to such information, thus precluding any search by plaintiffs.

11. The defendants['] conduct in failing to respond to said production request threatens to so delay and obstruct the rights of the plaintiffs that sanctions are necessary to protect said rights.

IT IS THEREFORE ORDERED as follows:

1. The defendants have the burden of proving which members of the class were not sworn in. Such evidence must be produced in 60 days hereof. After such time all class members who[m] the defendants have failed to prove unsworn shall be deemed sworn state police officers for purposes of this action.

2. The plaintiffs are hereby awarded $1381.34 for costs, including reasonable attorneys [sic] fees, assessed against the defendants for plaintiffs['] expenditures in attempting to ascertain the completeness of defendant's [sic] production.

IT IS SO ORDERED, ADJUDGED, AND DECREED this 20 day of November, 1979.

/s/ PAUL H. JOHNSON, JR.
Judge, Boone Superior Court"

Thus, the court's order of the payment of attorney's fees clearly was a properly appealable interlocutory order under A.R. 4(B)(1). The other prong of the court's order for sanctions in this cause, however, did not fit into those categories of interlocutory orders of A.R. 4(B) which are appealable as of right and could have been appealed only if certified by the trial court and accepted by this court according to A.R. 4(B)(5).

■ Second, we must agree also with Kuespert when he contends that the matter of whether or not the trial court abused its discretion in proceeding to impose sanctions under T.R. 37 has already been determined by this court and that further litigation of the matter is forestalled by the law of the case doctrine. Our earlier opinion reported in *State v. Kuespert*, (1980) Ind.App., 411 N.E.2d 435, dealt not only with the issue of whether the trial court's award of attorney's fees was excessive (Issue Two at 411 N.E.2d 438–39) but also whether the court abused its discretion in issuing an order for sanctions pursuant to T.R. 37(B) in the first place (Issue One at 411 N.E.2d 436–38). In this latter issue we disposed of the question of whether the state's failure to comply with discovery was properly found by the court to have been an abuse or obstruction of discovery. We held that the state failed to carry its burden of proving otherwise on appeals in the following words:

"We remind the state that this court presumes that the trial court has correctly decided the questions presented below and that appellant has the burden of overcoming this presumption by clearly showing the trial court's error. *American Optical Co. v. Weidenhamer*, (1980) Ind.App., 404 N.E.2d 606 (petition for transfer pending); *New York Central Railroad Co. v. Milhiser*, (1952) 231 Ind. 180, 106 N.E.2d 453, *reh. den.*, 231 Ind. 180, 108 N.E.2d 57. '[A] court of appeals

will not presume anything in favor of appellant to sustain his alleged error.' *New York Central Railroad Co. v. Milhiser, supra*, 231 Ind. at 189, 106 N.E.2d at 458. It is appellants' duty, furthermore, to present this court with a record which supports its alleged errors and which is sufficient to permit an intelligent decision of the issues. *Anderson v. Indiana State Employees' Appeals Commission*, (1977) Ind.App., 360 N.E.2d 1040, *trans. den.* In the instant case the state provided neither a transcript nor a statement of the evidence or proceedings, pursuant to Ind.Rules of Procedure, Appellate Rule 7.2(A), of the November 8, 1979, hearing upon which the court based its findings and order. That portion of the record furnished for our review supports the plaintiffs['] contention and the trial court's opinion that repeated discovery procedures were necessitated by the state's failure to comply accurately and completely with plaintiffs' requests. The presumption of error [under Ind.Rules of Procedure, Trial Rule 26(E)(2)] to which the state claims entitlement was a question for the trier of fact. Because the state failed to show that there was no probative evidence in the record to support the court's judgment, we must find that the state failed to carry its burden on appeal."

411 N.E.2d at 438.

■ The "law of the case" doctrine provides that once a question has been decided on appeal, it will not be redetermined in a subsequent appeal if the facts and parties are essentially the same. *Hinds v. McNair* (1980) Ind.App., 413 N.E.2d 586; 2 I.L.E. *Appeals* § 478 (1957); 5 Am.Jur.2d *Appeal and Error* § 744 (1962); *see also*, Issue Two, *infra.* Here, the parties are the same and the state makes the same arguments as it made in *State v. Kuespert* (1980) Ind.App., 411 N.E.2d 435; *i.e.*, that its failure to comply with discovery was excusable error and not the result of bad faith or of abusively resisting or obstructing discovery. This time, however, the state does include in the record a transcript of the November 8, 1979, hearing upon

which the court based its findings and order. While the purpose of the doctrine is not to foreclose legitimate appeals of issues not previously decided, it should be invoked in the interests of judicial economy and prompt dispensation of justice to preclude the promotion of potentially endless litigation and appeals. Thus, further consideration of the propriety of the court's proceeding under T.R. 37 to impose sanctions should be foreclosed by the law of the case as an issue actually raised on appeal and decided even though without the benefit of all the evidence which the state by due diligence could have brought to our attention but did not. *See Drost v. Professional Building Service Corp.* (1978) Ind.App., 375 N.E.2d 241, *trans. denied.*

■ The other aspect of the question here, *i.e.*, whether shifting the burden of proof from Kuespert to the state was a proper sanction, however, has not been foreclosed by the law of the case doctrine and we consider that question now. Indiana Rules of Procedure, Trial Rule 37(B)(3) states:

> "The court may order evidence upon matters to be taken as established or may order that evidence upon matters be refused as against a party subject to subdivision (B)(2) of this rule."

Subdivision (B)(2), of course, is the provision authorizing the court to impose the sanction of expenses and attorney's fees. As noted above we affirmed the trial court's order upon this aspect of the case. We now also conclude that the court did not err as a matter of law in invoking a sanction explicitly provided by T.R. 37(B)(3) when it ordered the state to present evidence within sixty days to show which of the class members had not been sworn or have the class closed against them. Refusal of the court to grant further extensions of time cannot be considered abusive where the state represented initially that such information could be provided in five weeks and the court allotted more than eight.

*Issue Two*

■ The state avers that the trial court erred in granting partial summary judg-

ment in Kuespert's favor on the issue of emergency service allowance benefits. Kuespert disagrees and argues that this issue was decided by Judge Lowdermilk in the following portion of his opinion in *Kuespert v. State*, (1978) Ind.App., 378 N.E.2d 888 at 896:

> "*Kuespert, et al.,* contend that the trial court erred in denying plaintiffs' claim for additional compensation pursuant to Acts, 1975, P.L. 343 § 2, p. 1844. We agree.
>
> "The only prerequisites contained in the act which must be met before the 'emergency service allowance' can be paid to an employee of the State Police are: (1) the employee must be a sworn State Police officer and (2) the officer must be on 24-hour call. *The evidence clearly shows that limited State Police officers meet both criteria.* Therefore, we hold that the trial court erred in granting the State's motion for summary judgment on this matter." (Emphasis added.)

Kuespert contends that the "law of the case" doctrine again precludes further litigation of this issue. We agree.

In *Fair Share Organization v. Mitnick*, (1964) 245 Ind. 324, 198 N.E.2d 765, *cert. denied* 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48, our supreme court in a *per curiam* opinion applied the "law of the case" doctrine to preclude consideration of identical questions which had been raised in a previous appeal from an interlocutory order granting a temporary injunction. They explained the principle as follows:

> "The decision of a court of appeals rendered upon a given state of facts becomes the law of the case applicable to such state of facts. Of course, upon a new trial, if new evidence is introduced and a new state of facts presented, we have a different case, and the trial court is not conclusively bound by the previous decision; but if the cause is submitted for a retrial upon the same facts upon which the decision was originally rendered, such decision remains the law of the case and the trial court is bound thereby, as well as an appellate court on a subsequent

appeal. *Egbert v. Egbert et al.* (1956), 235 Ind. 405, 132 N.E.2d 910; 2 I.L.E., Appeals, § 478."

198 N.E.2d at 766.

That no new evidence was produced on this issue in the proceedings which followed upon remand, even though the state was given the opportunity to do so, is clear from the trial court's judgment entry:

> "JUDGEMENT [sic] ENTRY
>
> Plaintiffs moved for judgment on fewer than all the issues, under Indiana Rule of Trial Practice 56, and the court finding that the motion was served more than ten (10) days before the hearing of May 2, 1980, and is supported by legally sufficient evidence properly before the court in documents, pleadings, answers to interrogatories, admissions, and sworn testimony, or established as the law of this case by the Indiana Court of Appeals or prior order of this Court, now sustains plaintiffs' motion for partial summary judgment on the issue of the Emergency Service Allowance.

This Court now finds:

1. There is no genuine issues as to any material fact involved in this motion and plaintiffs are entitled to judgment as a matter of law.

2. All members of the plaintiff class were sworn. The Court of Appeals so ruled in its prior opinion. Subsequent to that opinion this court made its class determination. To remove any ambiguity plaintiffs requested admissions that all class members were sworn. The request was evasively answered. Thereafter, plaintiffs propounded interrogatories which were evasively and incompletely answered in light of prior testimony in open court January 15, 1979[,] by Robert J. Stanton. Thereafter, plaintiffs requested production of records from plaintiffs['] personnel file to establish that they were sworn, and incomplete production was made. At a motion for hearing on sanctions correspondence was produced in court that further production was refused by defendants, and the author of that correspondence, being present as

counsel of record did not object to its consideration by the court or contest its genuineness or authenticity. This court as a sanction for bad faith and abusively resisting discovery, ordered the burden of proof reversed (rather than concluding the issue outright) and granted defendants sixty (60) days within which to produce evidence. None was forthcoming during that period and the issue has been foreclosed. The court sustains plaintiffs['] motion to strike the affidavit of Rose Huffman on the issue of which class members were sworn since that is no longer an issue, but in passing notes that the affidavit does disclose seventeen (17) additional individuals now admitted by the defendants to have been sworn but not previously disclosed, and further notes that this compilation is still open to the same doubts about completeness previously raised by plaintiffs.

3. All members of the plaintiff class were on twenty-four hour call for emergency under the duly promulgated regulations of the State Police Department applicable alike to enforcement police personnel and limited police personnel. The emergency service allowance was appropriated for the inconvenience to sworn personnel for being on call, not, so far as the Act discloses, for overtime pay. Overtime compensation, whether by monetary payment or compensatory time off is not an issue, and is not mentioned in the statutes in question.

4. The plaintiffs['] motion asks relief for three (3) years unpaid emergency allowance under Acts 1975, P.L. 343, § 2, p. 1844; Acts 1976, P.L. 149, § 2, p. 842; and Acts 1977, S.S.P.L. 10, § 3, p. 139. The court notes that the last Act provides for biennial appropriation and plaintiffs are entitled thereunder to two years benefits not one. Accordingly the court incorporates herein the abstract from State Police Manning tables attached as Exhibit 1 setting forth the identity of plaintiff class members entitled to the emergency service allowance and the number of months of their entitlement under Acts 1975, 1976, and the first year covered by Acts 1977 and enter[s] judgment in the sum of Four Hundred Ninety-Three Thousand Eighty Dollars ($493,080) and further orders defendants to account to this court within ten (10) days with a similar abstract from the manning tables identifying every class member employed in a class position during the second year covered by Acts 1977 and the number of months each was so employed and orders defendants to pay into court the accounted amount.

5. The court further finds that the legislature specifically intended each class member and other sworn police officers to receive Eight Hundred and Forty Dollars (840.00) per year, and provided for augmenting stated appropriations for that purpose from revenues the Motor Vehicle Highway Fund, State General Fund, and Public Service—Commission—Motor Vehicle account.

6. The court further finds that there is no just reason for delaying entry of this judgment, and according[ly] enters this judgment the 21st day of May, 1980.

/s/ Paul H. Johnson, Jr.
Paul H. Johnson, Jr.
JUDGE, Boone Superior Court"

The trial court did not err in granting partial summary judgment awarding Kuespert emergency service allowance benefits based upon the law of the case established in *Kuespert v. State,* (1978) Ind.App., 378 N.E.2d 888.

*Issue Three*

The state argues that the trial court erred in computing damages on a monthly rather than a bi-weekly basis as provided by law.[1] Kuespert contends that the state

1. Acts 1975, P.L. 343, p. 1844 states:
"The above appropriation designated 'emergency service allowance' is for the express purpose of compensating all sworn state police officers for being on call twenty-four (24) hours per day every day of the year. This allowance will amount to eight hundred forty dollars ($840) per year for each officer, and is to be paid in twenty-six (26) equal installments. In addition, all officers shall be

waived the issue because it has not shown any actual error in the method used and at most merely alleges that some error may have occurred. We agree with Kuespert.

We reiterate our statement made in an earlier opinion and restated above in this case that it is an appellant's duty to show how the trial court erred and to support allegations of error "with a record which supports its alleged errors and which is sufficient to permit an intelligent decision of the issues." *State v. Kuespert, supra*, at 411 N.E.2d 438. Here all that we are presented with are the statutes and the awards made in the court's judgment entries of May 21, 1980, and June 26, 1980; we are not shown in which instances the awards were excessive or by how much. As a court of appeals we may not disturb an award of damages unless it is manifestly excessive. *Levin v. Schuckman*, (1971) 150 Ind.App. 254, 276 N.E.2d 208. The state has failed to convince us that such was the case here.

Judgment affirmed.

NEAL, P. J., and ROBERTSON, J., concur.

paid merit increases and cost of living adjustments approved for state employees."

Acts 1976, P.L. 149, p. 842 and Acts 1977 (S.S.), P.L. 10, p. 139 contain the same language.