Jeffrey Allen ROWE, Appellant–
Plaintiff,

v.

INDIANA DEPARTMENT OF
CORRECTION, Appellee–
Defendant.

No. 46A03–1009–SC–444.

Court of Appeals of Indiana.

Jan. 19, 2011.

Jeffrey A. Rowe, Pendleton, IN, Appellant Pro Se.

## OPINION

FRIEDLANDER, Judge.

Upon interlocutory appeal, Jeffrey Allen Rowe challenges the trial court's ruling on a motion he filed entitled "Appellant's Verified Petition For An Order Waiving All Or Partial Filing Fees And Court Costs." *Appellant's Appendix* at 5. We do not address the issue presented by Rowe, however, because we lack jurisdiction and therefore must dismiss.

Rowe was incarcerated at Pendleton Correctional Facility (PCF) until his transfer on March 2, 2010 to the Indiana State Prison (ISP). On March 1, PCF officials took possession of certain items of Rowe's personal property and inventoried them in preparation for the move. Rowe alleges his property included a fan, a hot pot, and headphones. After Rowe arrived at ISP, his property was placed in ISP's property room. When ISP personnel inventoried his property on March 5, the fan, hot pot, and headphones were missing. Subsequent attempts to recover his allegedly missing property were unsuccessful.

On July 26, Rowe filed a small claims action seeking the return of his missing items or compensation therefrom in the amount of $74.76. Also on July 26, 2010, Rowe filed his "Appellant's Verified Petition For An Order Waiving All Or Partial Filing Fees And Court Costs." *Id.* In his petition, Rowe alleged that he was financially unable to pay court costs and filing

fees. He alleged that his sole source of income was $12.92, which he receives monthly as state pay and that there were liens in excess of $380.00 on his prisoner account for filing fees, court costs, copying, and postage relating to several other legal endeavors. On August 18, the trial court denied his petition and indicated that if he did not pay $2.62 in filing fees within forty-five days, his claim would be dismissed. On October 18, 2010, Rowe filed the instant appeal challenging the denial of his petition to waive costs and fees.

■ According to Indiana Appellate Rule 5, this court has jurisdiction "in all appeals from Final Judgments of Circuit, Superior, Probate, and County Courts", as well as "over appeals of interlocutory orders under Rule 14." Indiana Appellate Rule 2(H) describes a "final judgment" in this context as including the following:

(1) it disposes of all claims as to all parties;

(2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3) it is deemed final under Trial Rule 60(C);

(4) it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5) it is otherwise deemed final by law.

The small claims court's ruling on Rowe's motion to waive fees and costs does not fit into any of these categories, thus it is not a final judgment.

■ Indiana Appellate Rule 14 governs interlocutory appeals. Subsection A sets forth the following as interlocutory orders that may be appealed as a matter of right by the filing of a notice of appeal with the trial court clerk within thirty days of the entry of the interlocutory order:

(1) For the payment of money;

(2) To compel the execution of any document;

(3) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;

(4) For the sale or delivery of the possession of real property;

(5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;

(6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;

(7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(8) Transferring or refusing to transfer a case under Trial Rule 75; and

(9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

All orders not on the above list are governed by Subsection B, which requires the trial court, upon motion by either party, to certify the order in question. The appeal still may not be granted unless this court accepts jurisdiction of the appeal. Rowe contends his appeal falls under App. R. 14(A)(1), that is, it is an order for the payment of money.

Discussing the same provision in the predecessor to the current version of App. R. 14(A)(1), our Supreme Court has described orders that fit within this category as follows: "The matters which are appealable as of right under Appellate Rule 4(B)(1) involve trial court orders which carry financial and legal consequences akin

to those more typically found in final judgments: payment of money, issuance of a debt, delivery of securities, and so on." *State v. Hogan,* 582 N.E.2d 824, 825 (Ind. 1991). In *National Gen. Ins. Co. v. Riddell,* 705 N.E.2d 465 (Ind.Ct.App.1998), this court cited the following examples of "the payment of money" within the meaning of the substantially similar predecessor of the current App. R. 14(A)(1): Orders to pay death taxes (citing *Estate of Meyer,* 702 N.E.2d 1078 (Ind.Ct.App.1998), *trans. denied*); orders to pay attorney's fees (citing *Skiles v. Skiles,* 646 N.E.2d 353 (Ind. Ct.App.1995)); orders to pay child support (citing *Lamon v. Lamon,* 611 N.E.2d 154 (Ind.Ct.App.1993)); orders to make a deposit of money into court (citing *Schwedland v. Bachman,* 512 N.E.2d 445 (Ind.Ct. App.1987)); and orders for the payment of attorney's fees as a sanction under Ind. Trial Rule 37 (citing *State v. Kuespert,* 425 N.E.2d 229 (Ind.Ct.App.1981)).

In each of the cases cited above, the trial court directly ordered one of the parties to pay a sum to another party or to the court. *See Schwedland v. Bachman,* 512 N.E.2d 445. In the instant case, the trial court merely denied Rowe's motion for waiver of costs and ruled that *if* he did not pay the $2.82 fee, his small claims action would be dismissed. This is neither an order to pay money within the meaning of App. R. 14(A)(1) nor tantamount to one. Accordingly, we conclude that the small claims court's ruling on his verified petition for waiver of fees and costs is not an interlocutory order appealable as a matter of right under App. R. 4(A)(1). This being the case, Rowe was required to request a discretionary appeal pursuant to the procedures set out in App. R. 14(B). He failed to do this. Because no basis exists for an interlocutory appeal as a matter of right pursuant to App. R. 14(A), we dismiss Rowe's appeal for lack of jurisdiction. *See, e.g., Moser v. Moser,* 838 N.E.2d 532,

534 (Ind.Ct.App.2005) ("[a]n appeal from an interlocutory order is not allowed unless specific authority is granted by the Indiana Constitution, statutes, or the rules of court ... any such express authorization for an interlocutory appeal is strictly construed"; the court of appeals may dismiss appeals upon its own motion when it discovers it does not have jurisdiction) (internal citations omitted), *trans. denied.*

Appeal dismissed.

MAY, J., and MATHIAS, J., concur.