**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**CHARLES E. JUSTISE, SR.**
Indiana State Prison
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana



FILED

Aug 29 2014, 9:32 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES E. JUSTISE, SR., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1309-PL-462 |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTION, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Theodore M. Sosin, Judge
Cause No. 49D02-1107-PL-025903

**August 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Charles E. Justise, Sr., appeals the trial court's order dismissing his complaint for failure to pay filing fees. We affirm.

**Facts and Procedural History**

The relevant procedural history can be summarized as follows:

> In July 2011, Justise filed a complaint against the Marion County Jail ("MCJ"), the Indiana Department of Correction ("DOC"), Jerry Huston in his official capacity, and Karen Richards in her official capacity. The complaint alleged the defendants denied him access to the courts and sought declaratory, injunctive, and monetary relief. The trial court waived Justise's filing fee upon request.
>
> The MCJ moved for judgment on the pleadings in October 2011, and Justise responded in December 2011. Justise then moved for leave to file an amended complaint and tendered a proposed amended complaint, which named the DOC and Stephen Hall as the only defendants. On January 4, 2012, the trial court entered an order granting Justise's motion for leave to amend and granting the MCJ's motion for judgment on the pleadings. It thus dismissed Justise's complaint against the MCJ with prejudice, noted there was no reason for delay, and directed entry of final judgment in the MCJ's favor.
>
> On January 17, 2012, the DOC, Huston, and Richards filed a motion asking the court to reconsider its waiver of Justise's filing fee, and on January 23, 2012, Justise filed a motion for relief from judgment dismissing the MCJ as a defendant. On March 2, 2012, the trial court held a hearing on both motions, denied Justise's motion for relief from judgment, and took the motion to reconsider waiver of the filing fee under advisement. On March 13, 2012, Justise filed a notice of appeal from the denial of his motion for relief from judgment. On April 13, 2012, the trial court granted the DOC's [motion to reconsider waiver of the filing fee], rescinded the waiver of the filing fee, noted that the matter would be dismissed if Justise failed to pay the fee by May 13, 2012, and stayed the proceedings until receipt of the fee. On June 15, 2012, Justise filed a notice of appeal from that order.

*Justise v. Marion Cnty. Jail*, No. 49A02-1203-PL-291, slip op. at 1 (Ind. Ct. App. May 22, 2013) (footnote omitted).

The trial court's April 13, 2012 order rescinding its prior waiver of the filing fee was based upon the court's finding that Justise had previously filed three or more civil actions in which a state court had dismissed the action or a claim within the action as frivolous pursuant to Indiana Code Section 34-58-1-2. Accordingly, the trial court concluded that Justise was not permitted to proceed as an indigent person pursuant to Indiana Code Section 34-10-1-3.

On appeal, another panel of this Court reviewed both the trial court's denial of Justise's motion for relief from judgment and the trial court's order rescinding the waiver of his filing fee. We affirmed the trial court's denial of Justise's motion for relief from its judgment dismissing the MCJ as a defendant. *See id.* at 2. However, because the trial court's order rescinding the waiver of his filing fee was not an interlocutory order appealable as a matter of right, *see Rowe v. Ind. Dep't of Corr.,* 940 N.E.2d 1218, 1220 (Ind. Ct. App. 2011), and because Justise did not request the trial court to certify its order for interlocutory appeal, we dismissed that portion of his appeal for lack of jurisdiction. *Id.*

On August 12, 2013, Justise filed a "Motion for Ruling" requesting the trial court to dismiss his case due to his failure to pay the filing fee. Appellee's App. at 1. The trial court subsequently issued the following order of dismissal:

> This litigation has been stayed pending Plaintiff's appeal of this Court's order of April 13, 2012 rescinding Plaintiff's fee waiver and ordering the payment of a filing fee within 30 days. The Court now finds that:

> 1.) Plaintiff's appeal on the filing fee was dismissed for lack of jurisdiction on May 22, 2013;
>
> 2.) That no filing fee has been paid to the Office of the Marion County Clerk under this cause number;
>
> 3.) That Plaintiff has notified the Court on August 12, 2013 that no fee has been paid and acknowledging that this matter be dismissed.
>
> It is now ordered that this matter is dismissed with prejudice.

*Id.* at 3. This appeal followed.

## Discussion and Decision

The trial court dismissed Justise's complaint against the DOC[1] due to his failure to pay filing fees. Indiana Code Section 34-10-1-3 provides:

> If an offender has filed at least three (3) civil actions in which a state court has dismissed the action or a claim under IC 34-58-1-2, the offender may not file a new complaint or petition as an indigent person under this chapter, unless a court determines the offender is in immediate danger of serious bodily injury.

Indiana Code Section 34-58-1-2, also known as the Frivolous Claim Law, provides that a court shall review a complaint or petition filed by an offender "and shall determine if the claim may proceed." A claim may not proceed if the court determines that the claim is frivolous, is not a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from liability for such relief. Ind. Code § 34-58-1-2 (a)(1) - (3). A claim is frivolous under subsection (a)(1) if the claim is made primarily to harass a person or lacks an arguable basis either in law or fact. Ind. Code § 34-58-1-2(b)(1), (2). In essence,

---

[1] As already noted, the MCJ was originally a party to this action, the trial court dismissed it as a defendant, and we affirmed that ruling on appeal. *Justise v. Marion Cnty. Jail*, No. 49A02-1203-PL-291 (Ind. Ct. App. 2013). While Richards and Huston were originally named as parties, Justise filed an amended complaint that did not name them. In addition, the DOC observes that Justise named Stephen Hall as a party in his amended complaint but "it does not appear that Hall was served with the complaint or summons and to date he has not appeared in this matter, leaving the DOC as the sole remaining defendant." Appellee's Br. at 2 n.1.

4

Indiana Code Section 34-10-1-3 advances the State's legitimate interest of preservation of judicial resources and requires offenders with the requisite history of filing frivolous claims to pay filing fees in subsequent civil lawsuits rather than allowing them to proceed as indigent persons. *Smith v. Wrigley*, 925 N.E.2d 747, 751 (Ind. Ct. App. 2010), *trans. denied.*

It is clear from the record that Justise has filed at least three civil actions in which a state court has dismissed the action or a claim as frivolous pursuant to Indiana Code Section 34-58-1-2. Those actions include: (1) *Justise v. Jim Basinger and Officer J. Wall*, No. 77D01-0911-MI-432 (Sullivan Sup. Ct.) (dismissed Nov. 10, 2009); (2) *Justise v. Stefanie Sark, et al.*, No. 77D01-1003-MI-124 (Sullivan Sup. Ct.) (dismissed Mar. 30, 2010); (3) *Justise v. Stefanie Sark, et al.*, No. 77D01-1001-PL-38 (Sullivan Sup. Ct.) (dismissed Feb. 4, 2010); and (4) *Justise v. Jerry Huston, et al.*, No. 77D01-1009-MI-350 (Sullivan Sup. Ct.) (dismissed Sept. 13, 2010).[2] In light of this claim history, and because there was no assertion or evidence that he is in immediate danger of serious bodily injury, the trial court determined that Justise is not permitted to proceed as an indigent person pursuant to Indiana Code Section 34-10-1-3.

While Justise now attempts to challenge the trial court's legal conclusions regarding the frivolity of the *Basinger* and the two *Sark* complaints, we note that the time for such challenges has long passed. While generally we would conduct a de novo review of a trial

---

[2] We note that, on June 22, 2011, the Sullivan Superior Court also dismissed as frivolous *Justise v. Donaldson*, *et.al.*, No. 77D01-1006-SC-493, a small claims action filed by Justise. Justise appealed, and although we affirmed the dismissal on appeal, we reversed the dismissal on rehearing and remanded with instructions for the trial court to reinstate the complaint. *See Justise v. State*, No. 77A01-1006-352 (Ind. Ct. App. Mar. 24, 2011).

court's conclusions regarding the frivolity of an offender's claims pursuant to Indiana Code Section 34-58-1-2, *Smith v. Huckins*, 850 N.E.2d 480, 484 (Ind. Ct. App. 2006), Justise did not appeal those dismissal orders within thirty days after the orders were entered and has therefore forfeited the right for us to consider the propriety of those orders.[3] *See D.C., Jr. v. C.A.*, 5 N.E.3d 473, 477 (Ind. Ct. App. 2014) (the timely filing of a notice of appeal is jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of right to appeal).

In sum, the record supports the trial court's determination that Justise has filed at least three civil actions in which a state court has dismissed the action or a claim as frivolous pursuant to Indiana Code Section 34-58-1-2. Accordingly, Justise was required to pay a filing fee to proceed in this matter, and his failure to do so has properly resulted in dismissal of his complaint. The trial court's order of dismissal is affirmed.

Affirmed.

NAJAM, J., and BAILEY, J., concur.

---

[3] Justise did timely appeal the trial court's dismissal of the *Houston* complaint. On appeal, we affirmed the trial court's dismissal order and concluded that Justise failed to prove that he had exhausted his administrative remedies. *See Justise v. Houston*, No. 77A01-1009-MI-511 (Ind. Ct. App. Feb. 10, 2011), *trans. denied*. Contrary to Justise's assertion, we did not conclude that his claim was not frivolous.