

FILED

Apr 24 2015, 9:54 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEES |
|---|---|
| James E. Ayers | David G. Field |
| Wernle, Ristine & Ayers | Justin C. Wiler |
| Crawfordsville, Indiana | Schultz & Pogue, LLP |
|  | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeannine Whittington, Personal Representative of the Estate of Robert J. Whittington, Deceased, and Jeannine Whittington, Individually, | April 24, 2015 |
| | Court of Appeals Case No. 54A05-1411-PL-519 |
| *Appellants-Plaintiffs,* | Appeal from the Montgomery Circuit Court. |
| v. | The Honorable Bruce Stengel, Special Judge. |
| David Magnante, M.D., and Magnante Eye Care, | Cause No. 54C01-1210-PL-942 |
| *Appellees-Defendants.* | |

**Sharpnack, Senior Judge**

# Statement of the Case

Jeannine Whittington, personal representative of the Estate of Robert J. Whittington, deceased, and Jeannine Whittington, in her individual capacity (collectively, "the Plaintiffs"), appeal from the trial court's order appearing to grant a motion filed by David Magnante, M.D., and Magnante Eye Care (collectively "the Defendants"). Because we lack jurisdiction over this appeal, we dismiss.

# Facts and Procedural History

The Plaintiffs filed a medical malpractice action against the Defendants on October 26, 2012, after going through the Medical Review Panel process. The Defendants requested to take the deposition of the Plaintiffs' expert, Dr. Peter Hovland, an ophthalmologist. A discovery dispute arose between the parties about who should bear the expense of Dr. Hovland's deposition preparation time.

The Defendants filed a motion and brief with the trial court on December 2, 2013 requesting the trial court to order that the Defendants' compensation to the Plaintiffs' expert be limited to a reasonable hourly rate for time spent in being deposed but not including time spent in preparing to be deposed. After the Plaintiffs filed a response to the Defendants' motion, the trial court after hearing argument entered its order.

The trial court's order reads as follows:

This matter came before the Court on Motion of Defendants, David Magnate[sic], M.D., and Magnante Eye Care, Regarding Discovery Dispute Over Payment of Plaintiff's[sic] Expert's Fees for Time to be Spent Preparing for His Deposition, and the Court being duly advised in the premises, NOW FINDS that:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant's[sic] Motion regarding discovery dispute over payment of expert's fees is DENIED. Defendants are not required to pay for the time Plaintiff's[sic] expert, Dr. Hovland spends preparing for his deposition.

Appellants' App. p. 49.[1] The Plaintiffs now appeal.

## Discussion and Decision

The Court of Appeals has jurisdiction in all appeals from final judgments. Ind. Appellate Rule 5(A). In pertinent part, a judgment is a "final judgment" if it falls under one of the subsections of Indiana Appellate Rule 2(H), none of which are applicable here to the trial court's order resolving a discovery dispute.

In the Notice of Appeal, the Plaintiffs assert that this is an interlocutory appeal of right under Indiana Appellate Rule 14(A), (C), or (D). Indiana Appellate Rule 14(C) provides for interlocutory appeals from orders granting or denying class action certification. Indiana Appellate Rule 14(D) provides that other (than A, B, or C) interlocutory appeals may be taken only as provided by

---

[1] Although the trial court's order is internally inconsistent—denying Defendants' motion, but then stating that the Defendants are not required to pay for Dr. Hovland's deposition preparation time, and thus granting the Defendants' requested relief—both sides are treating the order as if the Defendants' motion was granted and that the Defendants are not required to pay for Dr. Hovland's preparation time.

statute. Neither of these rules applies to this appeal. This court has jurisdiction "over appeals of interlocutory orders under Rule 14." Ind. App. R. 5. The only subdivision of Indiana Appellate Rule 14(A) that is arguably applicable in this appeal is subsection "(1) For the payment of money[.]"

[7] If an order is not listed in Indiana Appellate Rule 14(A), the order is governed by Indiana Appellate Rule 14(B), providing for discretionary interlocutory appeals, "which requires the trial court, upon motion by either party, to certify the order in question." *Rowe v. Ind. Dept. of Corr.*, 940 N.E.2d 1218, 1219 (Ind. Ct. App. 2011). "The appeal still may not be granted unless this court accepts jurisdiction of the appeal." *Id.*

[8] In *Rowe*, we acknowledged that our Supreme Court has described orders falling within the category "for the payment of money" as follows:

> The matters which are appealable as of right under Appellate Rule 4(B)(1) involve trial court orders which carry financial and legal consequences akin to those more typically found in final judgments: payment of money, issuance of a debt, delivery of securities, and so on.

*Id.* at 1219-20 (quoting *State v. Hogan*, 582 N.E.2d 824, 825 (Ind. 1991)).

[9] In *Rowe*, we also noted our opinion in *National Gen. Ins. Co. v. Riddell*, 705 N.E.2d 465 (Ind. Ct. App. 1998), in which we cited examples of decisions determining what orders fell within that category under the predecessor of the current appellate rule. Borrowing examples from *National Gen. Ins. Co.*, we cited them in *Rowe* as follows: "Orders to pay death taxes (citing *Estate of*

*Meyer*, 702 N.E.2d 1078 (Ind. Ct. App. 1998), *trans. denied*); orders to pay attorney's fees (citing *Skiles v. Skiles*, 646 N.E.2d 353 (Ind. Ct. App. 1995)); orders to pay child support (citing *Lamon v. Lamon*, 611 N.E.2d 154 (Ind. Ct. App. 1993)); orders to make a deposit of money into court (citing *Schwedland v. Bachman*, 512 N.E.2d 445 (Ind. Ct. App. 1987)); and orders for the payment of attorney's fees as a sanction under Ind. Trial Rule 37 (citing *State v. Kuespert*, 425 N.E.2d 229 (Ind. Ct. App. 1981))." *Id.* at 1220 (citing *National Gen. Ins. Co.* 705 N.E.2d at 465 n.1).

[10] In the present case, as in *Rowe*, the trial court's order did not directly order one of the parties to pay a sum to another party or to the court. Instead, the trial court here determined that the Defendants did not have to pay a sum to the Plaintiffs for the deponent's deposition preparation time. The order does not qualify as an order for the payment of money pursuant to Indiana Appellate Rule 14(A). As a result, the Plaintiffs are not entitled to interlocutory review as a matter of right.

[11] Because this is not a final judgment or an interlocutory appeal of right, the Plaintiffs were required to pursue a discretionary appeal under Indiana Appellate Rule 14(B). Having failed to do so, we must dismiss this appeal for want of jurisdiction. *See Moser v. Moser*, 838 N.E.2d 532, 534 (Ind. Ct. App. 2005) ("[a]n appeal from an interlocutory order is not allowed unless specific authority is granted by the Indiana Constitution, statutes, or the rules of court . . . any such express authorization for an interlocutory appeal is strictly construed"; the court of appeals may dismiss appeals upon its own motion

when it discovers it does not have jurisdiction) (internal citations omitted),
*trans. denied*.

# Conclusion

[12] In light of the foregoing, we dismiss the Plaintiffs' appeal.

[13] Dismissed.

Bailey, J., and Pyle, J., concur.