## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 01 2016, 9:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

John J. Uskert
Cynthia A. Marcus
Fishers, Indiana

ATTORNEY FOR APPELLEE

Jane G. Cotton
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Pete, <br> *Appellant-Defendant,* <br><br> v. <br><br> Ray Forrester, <br> *Appellee-Plaintiff* | December 1, 2016 <br><br> Court of Appeals Case No. <br> 48A02-1604-GU-847 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Mark K. Dudley, Judge <br><br> The Honorable Jason Childers, Commissioner <br><br> Trial Court Cause No. <br> 48C06-1603-GU-147, 48C06-1603-GU-141 |

**Altice, Judge.**

## Case Summary

[1] Following the entry of an order appointing Ray Forrester guardian of two minors, K.E. and D.F., Christopher Pete filed a number of motions requesting the trial court to set aside Forrester's guardianship and appoint Pete guardian instead. An evidentiary hearing on Pete's motions was commenced, but the hearing was not concluded due to time constraints. Before the trial court had the opportunity to hear the remainder of the evidence and rule on Pete's motions, Pete initiated this appeal.

[2] Concluding that Pete's appeal is premature, we dismiss.

## Facts & Procedural History

[3] Because the evidence in this case was not concluded and the trial court was not given the opportunity to issue a ruling on Pete's motions, the facts are unsurprisingly in dispute. The parties, however, seem to be in agreement on certain key facts. Beginning in 2012, Pete was involved in a romantic relationship and cohabited with Charlotte Forrester (Mother) and her children from two previous relationships, K.E. and D.F. (the Children). Pete and Mother never married, and when their relationship ended in 2014, Mother moved in with her father, Forrester (Grandfather). The Children remained in Pete's custody during the week and regularly spent weekends and holidays with Mother at Grandfather's house, although the precise division of time is in dispute. The Children continued to see Grandfather after Mother moved out of Grandfather's home in April 2015, but not as much. The parties are in agreement that the Children continued to reside primarily with Pete during this

time, but the precise amount of time the Children spent with Pete versus Mother versus Grandfather is unclear from the scant record.

[4] In March of 2016, Mother executed consents to establish guardianship over the Children in Grandfather. Grandfather subsequently filed petitions to establish guardianships over the Children, in which he falsely averred that the Children were then residing with him.[1] On March 22, 2016, the trial court awarded Grandfather guardianship of the Children without holding a hearing. Pete was not given notice of the guardianship proceedings, and he only became aware of the proceedings when custody of the Children was transferred to Grandfather.

[5] Upon learning of the guardianship, Pete filed a motion to intervene in the guardianship proceedings and an "Emergency Motion for Temporary Guardianship and to Stay Guardianship Order." *Appellant's Appendix* at 29, 32. Shortly thereafter, Pete filed separate motions requesting that Grandfather's guardianships over the Children be terminated and that Pete be appointed guardian instead. A hearing was held on Pete's motions on April 15, 2016, but the time allotted for the hearing expired before Pete was able to finish presenting his evidence, and Grandfather was unable to even begin his presentation. The trial court instructed the parties to contact court staff in order

---

[1] Grandfather and his attorney denied intentionally misleading the court with this statement. Grandfather's attorney testified that his assistant mistakenly included this statement in the guardianship petition, and Grandfather testified that he signed the petition upon the belief that "as soon as I sign that paper" the Children would in fact be living with him. *Transcript* at 35. Because the evidence was not concluded, the trial court was deprived of the opportunity to make findings on this issue.

to schedule an additional hearing to conclude the evidence, and at that time, Pete orally requested immediate custody of the Children pending the completion of the evidentiary hearing. The trial court denied Pete's request and the parties agreed to continue the presentation of the evidence on May 27, 2016. Instead of doing so, Pete filed his notice of appeal. This appeal ensued.[2]

## Discussion & Decision

[6] As an initial matter, we note that the motions panel of this court denied Grandfather's motion to dismiss this appeal on the grounds that Pete was not appealing from a final judgment. This does not, however, preclude us from reconsidering the issue. It is well established that we may reconsider a ruling of our motions panel, but "'we decline to do so in the absence of clear authority establishing that it erred as a matter of law.'" *Cincinnati Ins. Co. v. Young*, 852 N.E.2d 8, 12 (Ind. Ct. App. 2006) (quoting *Oxford Fin. Group, Ltd. v. Evans*, 795 N.E.2d 1134, 1141 (Ind. Ct. App. 2003)), *trans. denied*. *See also Miller v. Hague Ins. Agency, Inc.*, 871 N.E.2d 406, 407 (Ind. Ct. App. 2007) (explaining that "[w]hile we are reluctant to overrule orders decided by the motions panel, this court has inherent authority to reconsider any decision while an appeal remains in fieri"). After carefully reviewing the record, we are persuaded that this is such a case.

---

[2] On April 21, 2016, Pete filed a motion in this court to stay the trial court's orders appointing Grandfather as the Children's guardian. This court granted the motion on April 29, 2016. Grandfather subsequently filed a motion to reconsider the order granting the stay, which this court denied on May 20, 2016.

[7] Except as provided in Ind. Appellate Rule 4,[3] this court has jurisdiction in all appeals from final judgments. Ind. Appellate Rule 5(A); *Whittington v. Magnante*, 30 N.E.3d 767, 768 (Ind. Ct. App. 2015). "Whether an order is a final judgment governs the appellate courts' subject matter jurisdiction." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 757 (Ind. 2014) (citing *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003)). "The lack of appellate subject matter jurisdiction may be raised at any time, and where the parties do not raise the issue, this court may consider it *sua sponte*." *In re Estate of Botkins*, 970 N.E.2d 164, 166 (Ind. Ct. App. 2012).

[8] A final judgment is one that "disposes of all claims as to all parties[.]" Ind. Appellate Rule 2(H)(1); *see also Bueter v. Brinkman*, 776 N.E.2d 910, 912-13 (Ind. Ct. App. 2002) (explaining that a final judgment "disposes of all issues as to all parties, to the full extent of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues" (quoting *Hudson v. Tyson*, 383 N.E.2d 66, 69 (Ind. 1978)). Because the evidence in this case was not concluded and the trial court did not rule on Pete's motions, he is not appealing from a final judgment within the meaning of App. R. 2(H)(1).

[9] In his response to Grandfather's motion to dismiss this appeal, however, Pete argued that his Emergency Motion for Temporary Guardianship and to Stay Guardianship Order should have been treated as a Trial Rule 60(B)(3) motion

---

[3] App. R. 4 provides for appeal directly to our Supreme Court for a narrow class of cases, none of which are relevant here.

for relief from judgment due to fraud on the court based on Grandfather's false representation in his guardianship petition that the Children were living with him. *See* T.R. 60(B)(3) (providing that the court may relieve a party from a judgment obtained by "fraud . . ., misrepresentation, or other misconduct of an adverse party). Pete further notes that rulings on T.R. 60(B) motions are deemed final and appealable. *See* T.R. 60(C) (providing that a judgment granting or denying relief under T.R. 60(B) "shall be deemed a final judgment, and an appeal may be taken therefrom"); App. R. 2(H)(3) (providing that a judgment is final "if it is deemed final under Trial Rule 60(C)).

[10] Even if we accept Pete's argument that his Emergency Motion was in substance a T.R. 60(B)(3) motion for relief from judgment and should have been treated as such, the fact remains that Pete initiated this appeal before the evidence was concluded and before the trial court had the opportunity to issue a ruling thereon. In other words, the trial court has not yet issued "a ruling or order . . . denying or granting relief" under T.R. 60(B). *See* T.R. 60(C). To the extent Pete argues that the trial court's denial of his oral motion for immediate custody of the Children pending the completion of the evidentiary hearing should be treated as a denial of relief under T.R. 60(B), we disagree. Pete essentially argues that that the trial court should have found that Grandfather and his attorney had perpetrated a fraud on the court without giving them the opportunity to respond or present their own evidence and argument to rebut Pete's claims, but basic considerations of fairness and due process prohibited the court from doing so. *See* T.R. 60(D) (providing that in considering a T.R.

60(B) motion, the trial court "shall hear any pertinent evidence"); *Roy A. Miller & Sons, Inc. v. Indus. Hardwoods Corp.*, 775 N.E.2d 1168, 1171 (Ind. Ct. App. 2002) (explaining that "due process clearly requires a fair opportunity to be heard" and that "[a]n opportunity to be heard includes the right to present evidence, confront adverse witnesses, make arguments, and receive judicial findings based upon the evidence and arguments"). Moreover, it is apparent from the trial court's oral and written rulings that Pete's motions remained pending at the end of the April 15, 2015 hearing. The trial court did not deny Pete relief by denying his oral motion for immediate custody of the Children pending the conclusion of the hearing. Rather, it merely preserved the status quo until the court had the opportunity to hear all of the evidence necessary to determine whether Pete was entitled to relief on the basis that Grandfather's guardianship was obtained by fraud.

[11] For all of these reasons, we conclude that Pete's appeal is premature. Because Pete does not appeal from a final judgment,[4] this court lacks subject matter jurisdiction to entertain this appeal and must therefore dismiss.[5]

[12] Appeal dismissed.

---

[4] We also note that Pete is not appealing from an interlocutory order deemed appealable pursuant to Ind. Appellate Rule 14.

[5] Nothing in this opinion should be taken as a comment on the merits of Pete's pending motions or the propriety of Grandfather's actions with respect to obtaining guardianship of the Children. These issues remain for the trial court's consideration.

Bradford, J. and Pyle, J., concur.